546 P.2d 1199

**RETIREMENT RANCH, INC., a New Mexico Corporation, Appellant,**

v.

**CURRY COUNTY VALUATION PROTEST BOARD, Appellee.**

**No. 2141.**

Court of Appeals of New Mexico.
Jan. 20, 1976.

Rehearing Denied Feb. 10, 1976.

Certiorari Denied March 9, 1976.

Wesley Quinn, Quinn & Quinn, Clovis, for appellant.

Toney Anaya, Atty. Gen., John C. Cook, Joseph T. Sprague, Property Tax Dept. Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

HERNANDEZ, Judge.

Appellant operates a nursing home for the aged sick in Curry County, New Mexico. Appellant's property, formerly tax-exempt, was assessed at $126,880. Appellant contends the property's correct valuation for tax purposes is –0– dollars. A hearing was held by the Curry County Valuation Protest Board in May, 1975, at which time the Protest Board confirmed the Curry County Assessor's valuation. Appellant's appeal is based on § 72–31–28, N.M.S.A. (Special Supp.1974) of the Property Tax Code.

The appeal is based on two grounds: 1) the Protest Board erred because appellant's property is used for charitable purposes and is exempt from taxation under the provisions of Art. VIII, § 3, N.M.Constitution (as amended 1971), and 2) the Protest Board erred because appellant's property is exempt from taxation under Art. VIII, § 3, N.M.Constitution (as amended 1971), which provides that all church property not used for commercial purposes shall be exempt from taxation.

Section 72–31–28(C), supra, requires this court to set aside a decision of the county valuation protest board when the order is "* * * (3) not in accordance with law." While the issue of taxing a nursing home's property is a case of first impression in New Mexico the law on charitable exemptions is sufficiently clear to indicate the board's ruling is incompatible with New Mexico's Constitution. The application of the facts has resulted in an erroneous conclusion of law.

The relevant provision of the New Mexico Constitution reads as follows:

"The property of the United States, the state and all counties, towns, cities and school districts, and other municipal corporations, public libraries, community ditches and all laterals thereof, all church property, all property used for educational or charitable purposes, all cemeteries not used or held for private or corporate profit, and all bonds of the state of New Mexico, and of the counties, municipalities and districts thereof shall be exempt from taxation." Art. VIII, § 3, N.M.Constitution (as amended 1971).

New Mexico in contrast with a number of other jurisdictions, has applied liberal rules of construction to exemptions from taxation of property used for charitable purposes. "The rule in New Mexico is that of reasonable construction, without favor or prejudice to either the taxpayer or the State, to the end that the probable intent of the provision is effectuated and the public interests to be subserved thereby are furthered." *Benevolent & P. Ord. of Elks v. New Mexico Property A. D.*, 83 N.M. 445, 493 P.2d 411 (1972). As to what is a "charitable purpose" our Supreme Court in *Santa Fe Lodge No. 460 v. Employment Security Com'n.*, 49 N.M. 149, 159 P.2d 312 (1945) said:

"The English Statute of Charitable Uses is in force in this state. Its preamble has been frequently referred to by the courts as showing purposes that are charitable, though it was not intended to be complete. Courts generally hold that any purpose is charitable which is within one of the types stated in the preamble,

44

or that is analogous thereto. These are as follows: 'The relief of aged, impotent and poor people; * * *'."

We believe that no one could seriously question the conclusion that a facility used for the purpose of caring for the aged sick and infirm would traditionally fall within the category of charitable purpose. In contrast with *Mountain View Homes v. State Tax Commission*, 77 N.M. 649, 427 P.2d 13 (1967), the recipients of this non-profit corporation's efforts are indeed sick and largely indigent.

However, the instant situation presents us with the problem of determining whether the use of the Ranch's property was *primarily* and substantially for this charitable purpose. As Justice Oman explained in *Benevolent & P. Ord. of Elks v. New Mexico Property A.D.,* supra:

"Although our constitutional provision does not require property to be used exclusively for charitable purposes in order to come within the exemption, the uses for these purposes must be *substantial and must be the primary uses* made of the property." [Emphasis Ours.]

This determination of Retirement Ranch's primary use of its property requires a focus on the present use of the facility, rather than concern with hypothetical changes which might alter appellant's status in the indefinite future.

The record reflects that the appellant is a non-profit corporation which was established over fourteen years ago under the auspices of the United Presbyterian Church, U.S.A. Since its inception it has operated with a yearly deficit totaling approximately $198,000.00. The deficit for 1974 totaled $68,780.00 and the anticipated deficit for 1975 was expected to be between 10 and 15 thousand dollars. The patients could be placed into several categories according to where the monies came from to pay for the services rendered to them. The principal divisions are private, medicare and medicaid. The daily rate varied between $11.50 and $20.00 per day, depending on the foregoing mentioned classification. The rate for medicare and medicaid patients, who made up 55% of the total, was set by the respective federal agencies and never covered the cost of the services rendered. Appellant's facility was the only one certified eligible to take medicare and medicaid patients in the City of Clovis. The appellant's board of directors met and decided, as a matter of policy, not to increase the number of private patients admitted even though this would help to lessen the annual deficit. They did so because of the large number of medicare and medicaid recipients in the area who needed care. Although not a persuasive factor in and of itself, we note that the appellant as a subordinate unit of the United Prebyterian Church, U.S.A. was given a tax exempt status by the Internal Revenue Service of the United States Treasury Department.

Given these facts we find that the facility is church-affiliated, but is not "church property" for purposes of a tax exemption. We do find, however, that the substantial and primary use of the appellants facility is for charitable purposes. Accordingly, we reverse. All costs are assessed against the appellee and in favor of appellant. Section 21–12–27 (Rule 27), N. M.S.A.1953 (Repl.Vol. 4, Supp.1975).

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.