588 P.2d 1043

**DALE BELLAMAH LAND CO., INC., Carter, Hawley, Hale Stores, Inc., H–B Associates Albuquerque, a general Partnership, and Adcor Realty Corporation, Plaintiffs-Appellants,**

v.

**COUNTY OF BERNALILLO et al., Defendants-Appellees.**

No. 3117.

Court of Appeals of New Mexico.

July 11, 1978.

Writ of Certiorari Quashed Jan. 12, 1979.

J. Victor Pongetti, and Floyd Wilson, Ahern, Montgomery & Pongetti, Albuquerque, for plaintiffs-appellants.

Joe C. Diaz, County Atty., Vance Mauney, Associate Counsel, Albuquerque, Toney Anaya, Atty. Gen. (amicus), John C. Cook, Asst. Atty. Gen., Santa Fe (amicus), for defendants-appellees.

## OPINION

HERNANDEZ, Judge.

Plaintiffs filed their respective claims for refunds for ad valorem taxes levied against their respective properties for the year 1976, on December 23, 1976, pursuant to Section 72–31–39, N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1975). The statute reads as follows:

"After receiving his property tax bill and after making payment prior to the delinquency date of all property taxes due in accordance with the bill, a property owner may protest the value determined for his property for property taxation purposes or the allocation of value of his property to a particular governmental unit by filing a claim for refund in the district court."

Section 72–31–40(A)(1), N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp.1975) provides in pertinent part that such claims "shall be filed no later than December 15 of the year in which the first installment of the property tax for which a claim for refund is made is due."

Defendants filed motions to dismiss each respective claim on the ground that they were not timely filed and therefore the trial court lacked jurisdiction to entertain them. The trial court granted these motions and dismissed the claims with prejudice.

Plaintiffs' first point is not relevant to this appeal and will not be considered.

Plaintiffs' second point is that the trial court erred in that they had until December 15, 1977, to file their claims. Property taxes are payable in two equal installments, the first being due on November 1, of the tax year and the second on April 1 of the succeeding year. Plaintiffs made timely payment of the first installment and subsequent to the filing of their claims made timely payment of the second installment. They argue that they did not claim nor were they entitled to a refund of any part of the first installment and that it is not until a taxpayer has paid more taxes than they admit owing, that the time for filing a claim for refund begins to run. Therefore, in the instant situation, the time for filing a claim for refund did not expire until December 15, 1977.

We do not agree. The language of § 72–31–40(A)(1), supra, is clear and unambiguous and requires no interpretation. "Legislative intent is to be determined primarily by the language of the act, and resort may be had to construction only in case of ambiguity." *Montoya v. McManus*, 68 N.M. 381, 389, 362 P.2d 771 (1961). A claim "shall be filed no later that December 15 of the year in which the *first* installment . . . is due." (Emphasis added.) § 72–31–40(A)(1), supra. The first installment was due on November 1, 1976.

The plaintiffs failed to file their claims within the time permitted by the statute. The trial court correctly dismissed the action with prejudice. As our Supreme Court pointed out in *Swallows v. City of Albuquerque*, 61 N.M. 256, 266, 298 P.2d 945 (1956):

"Where a statute grants a new remedy, and at the same time places a limitation of time within which the person com-

plaining must act, the limitation is a limitation of the right as well as the remedy, and in the absence of qualifying provisions or saving clauses, the party seeking to avail himself of the remedy must bring himself strictly within the limitations."

We affirm.

IT IS SO ORDERED.

LOPEZ, J., concurs.

SUTIN, J., specially concurring.

SUTIN, Judge (specially concurring).

I concur.

Taxpayers claim that they did not have a right to claim a refund until they had paid more taxes than were owing. Amicus Curiae point out that the "claims for refund" referred to in § 72–31–40 is a claim for refund of taxes *imposed, not taxes paid.* Notice of imposition of the tax was given taxpayers when the property tax bill was mailed, so that the taxpayer had more than eight months notice of the tax valuation of the property. The installment payment plan provided by statute is a convenient way for the taxpayers to meet the debt which was incurred in April, 1976; and that the claim for refund is based on this April valuation, not the installments paid.