592 P.2d 971

DALE BELLAMAH LAND CO., INC., a
New Mexico Corporation, et al.,
Petitioners,

v.

COUNTY OF BERNALILLO et
al., Respondents.

No. 12114.

Supreme Court of New Mexico.

Dec. 11, 1978.

Johnson & Lanphere, Floyd Wilson, Albuquerque, for petitioners.

Joe C. Diaz, Vance Mauney, Albuquerque, for respondents.

OPINION

PAYNE, Justice.

This matter is before this Court on a writ of certiorari challenging the constitutionality of property taxes imposed for the 1975 and 1976 tax years on property located in Bernalillo County which belonged to petitioners, Dale Bellamah Land Co., Inc. until February 6, 1975 and to Adcor Realty after that date. Taxpayers brought suit for refund of the taxes pursuant to § 72–31–39, N.M.S.A.1953 (Supp.1975). The trial court upheld the constitutional challenge to the taxes and found that taxpayers' property had an actual market value of one dollar per square foot as of both January 1, 1975 and January 1, 1976. The Court of Appeals reversed both of these findings and upheld the two dollar per square foot valuation assigned to the property by the assessor. We reverse.

Originally taxpayers requested a refund of taxes only for the 1975 tax year. The trial court subsequently permitted taxpayers to file a supplemental complaint for refund of taxes for the 1976 tax year.

Under § 72–31–40(A)(1), N.M.S.A. 1953 (Supp.1975), a claim for refund must be filed no later than December 15 of the year in which the first installment of the challenged tax is due. The first installment of 1976 taxes was due November 1, 1976. The supplemental complaint was not filed until January 27, 1977. Taxpayers failed to file a timely claim under § 72–31–40(A)(1) for refund of taxes paid for the 1976 tax year. *See Dale Bellamah Land Co., Inc. v. County of Bernalillo*, 92 N.M. 368, 588 P.2d 1043 (Ct.App.1978), *cert. denied* (1978). Therefore, the present decision applies only to taxes paid for the 1975 tax year.

In *Ernest W. Hahn, Inc. v. County Assessor for Bernalillo County*, 92 N.M. 609, 592 P.2d 965 (1978), filed simultaneously with this opinion, we decided identical constitutional claims with respect to the taxation of this same property for the 1974 tax year. In that case we held that the 1974 assessment violated Article II, Section 18 and Article VIII, Section 1 of the New Mexico Constitution. The 1975 assessment was not based on any new reappraisal, but was a result of an automatic carry-over of the 1974 assessment. Because the 1975 assessment was based on the constitutionally invalid 1974 reappraisal, it too cannot withstand the constitutional challenge.

In *Hahn* we held that *temporary* inequalities which result from the practicalities of carrying out a county-wide systematic and definite property appraisal program are inevitable and constitutional. Although a county-wide reappraisal plan was instituted in October 1974, the assessment of taxpayers' property for the 1975 tax year was not based on that plan, nor was the inequality in taxation for that year merely a temporary inequality resulting from the institution of that plan. To the contrary, the 1975 inequality in taxation was an automatic perpetuation of a long-standing practice of singling out taxpayers for discriminatory treatment. Such a practice is unconstitutional.

The Court of Appeals' decision is reversed and the cause remanded to the trial court with directions to reassess taxpayers' property in a manner consistent with this opinion and the decision of the *Hahn* case. The trial court may wish to delay a decision in this case until the assessor and the Bernalillo County Valuation Protests Board have taken action as mandated in the *Hahn* decision.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, EASLEY and FEDERICI, JJ., concur.