606 P.2d 203

**LOVELACE CENTER FOR the HEALTH SCIENCES, a non-profit corporation, Plaintiff-Appellee-Cross-Appellant,**

v.

**George W. BEACH, Tax Assessor of Bernalillo County, Board of County Commissioners of Bernalillo County and Timothy Eichenberg, Treasurer, Bernalillo County, Defendants-Appellants-Cross-Appellees.**

No. 3931.

Court of Appeals of New Mexico.

Jan. 3, 1980.

Pedro G. Rael, Asst. Co. Atty., Albuquerque, for defendants-appellants-cross-appellees.

Jeffrey W. Loubet, Joe R. G. Fulcher, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for plaintiff-appellee-cross-appellant.

## OPINION

WOOD, Chief Judge.

Plaintiff sought a refund of property taxes paid for 1976 and 1977 on the basis that the property involved was constitutionally exempt from taxation. Plaintiff also asked that defendants be enjoined from assessing, collecting or attempting to collect real property tax against the property involved in future years so long as the constitutional exemption applied. The trial court ordered a refund for the 1977 tax year and granted the injunction. Defendants appeal this ruling. The trial court denied a refund for 1976 on the basis that the refund claim was untimely; plaintiff appeals this ruling. We discuss: (1) the finding that the property was constitutionally exempt; (2) the statutory procedure as to constitutionally exempt property; and (3) the authority for claiming a refund of property taxes paid on constitutionally exempt property.

*The Finding that the Property was Constitutionally Exempt*

The trial court found that the property involved "is operated as part of a hospital," "is and has been used for charitable and educational purposes," and "is and should be exempt from New Mexico property tax under Article VIII, Section 3 of the Constitution of the State of New Mexico."

■ These findings are the basis for the trial court's ruling in favor of plaintiff, that plaintiff was entitled to a refund of the 1977 taxes and that plaintiff was entitled to an injunction in connection with future tax years. Defendants' claim on appeal is that plaintiff is not a charitable institution within the meaning of the constitutional provision. One answer to this contention is that defendants did not (nor did plaintiff) submit requested findings of fact or conclu-

sions of law. Consequently, defendants are not entitled to a review for determining whether substantial evidence supports the findings made by the trial court. *McNabb v. Warren*, 83 N.M. 247, 490 P.2d 964 (1971).

■ However, because this appeal involves procedures in connection with property constitutionally exempt from taxation, we have reviewed the evidence. The trial court's finding that the property involved is operated as a hospital, and used for charitable and educational purposes, has substantial evidentiary support. The trial court properly concluded that the property was exempt under N.M.Const. art. VIII, § 3, which exempts from taxation "property used for educational or charitable purposes * * *." See *Santa Fe Lodge No. 460 v. Employment Security Com'n*, 49 N.M. 149, 159 P.2d 312 (1945); *Retirement Ranch, Inc. v. Curry Cty. Val. Protest Bd.*, 89 N.M. 42, 546 P.2d 1199 (Ct.App.1976).

*The Statutory Procedure as to Constitutionally Exempt Property*

Defendants do not challenge the propriety of the injunction if, in fact, the property was constitutionally exempt from taxation. We discuss the statutes pertaining to constitutionally exempt property because they bear on the refund procedure, discussed under the following issue.

If the property involved was subject to valuation for tax purposes, it was to be reported to the county assessor. See § 7–38–8(B), (D) and (E), N.M.S.A.1978. If subject to valuation for tax purposes, the county assessor was responsible for the valuation. Section 7–36–2(A), N.M.S.A.1978.

■ Section 7–36–7(B)(1), N.M.S.A.1978 states that property exempt from property taxation under the state Constitution "is not subject to valuation for property tax purposes * * *." Being constitutionally exempt from taxation under N.M.Const., art. VIII, § 3, the property involved was not required to be reported and the assessor had no authority to value the property. This legislative intent is illustrated by the fact

that § 7–38–17, N.M.S.A.1978 contains provisions for claiming a veteran or head of household exemption and by the fact that there are no statutory provisions for claiming a constitutional exemption.

The foregoing raises the practical question of how the assessor will learn when property is no longer constitutionally exempt. Section 7–38–8, supra, provides in Paragraph (D) that if the property is subject to valuation it is to be reported. Civil and criminal penalties are provided in Paragraphs (F) and (G) of § 7–38–8, supra, for non-reporting. Whether these provisions are sufficient administratively is a matter for the Legislature.

*Refund of Property Taxes Paid on Constitutionally Exempt Property*

Our starting point in determining the authority to refund the taxes paid by plaintiff is: 1) the property involved was constitutionally exempt from taxation for both 1976 and 1977, and 2) in addition to being exempt from taxation, the property was not to be valued for tax purposes. The trial court granted a refund for the 1977 taxes but refused to grant a refund for 1976 taxes. The different rulings came about because the trial court was of the view that the time provisions of § 7–38–40, N.M.S.A. 1978 were applicable; that the refund claim for 1977 was timely and the refund claim for 1976 taxes was not timely. Section 7–38–40, supra, was not applicable to either of the refund claims.

*In re Blatt*, 41 N.M. 269, 67 P.2d 293, 110 A.L.R. 656 (1937) distinguishes between an erroneous or illegal assessment and an excessive assessment. An erroneous assessment includes an assessment of property that is exempt from taxation. An error of judgment in valuing property that is subject to taxation is not an erroneous assessment but an excessive assessment. *In re Blatt*, supra; *Sandia Savings and Loan Association v. Kleinheim*, 74 N.M. 95, 391 P.2d 324 (1964).

▪ If a statutory procedure exists either for recovery of taxes collected erroneously or for disputing an excessive assessment, that procedure must be followed. *In re Blatt*, supra; *Lougee v. New Mexico Bureau of Revenue Commissioner*, 42 N.M. 115, 76 P.2d 6 (1937).

▪ The 1976 and 1977 property taxes paid by plaintiff were based on erroneous assessments because the property was constitutionally exempt from taxation. Until the repeal of § 72–5–4, N.M.S.A.1953 (Repl. 1961, 1975 Supp.) by Laws 1973, ch. 258, § 156, there was a statutory procedure for obtaining a refund of property taxes "erroneously or illegally charged." Since the repeal of § 72–5–4, supra, our statutes have not specifically referred to refunds of erroneous or illegally charged taxes. Are erroneous or illegally charged taxes included within other statutory language?

The refund procedures of § 7–1–26, N.M. S.A.1978 are not applicable to real property taxes. Section 7–1–2, N.M.S.A.1978.

The district court action authorized by § 7–38–78, N.M.S.A.1978 is limited to changes in the property tax schedule and does not apply to refunds.

Sections 7–38–22 and 7–38–24, N.M.S.A. 1978 authorize property owner protests of "value determined." These provisions are not applicable in this case because constitutionally exempt property is not subject to valuation for property tax purposes. Section 7–36–7(B)(1), supra.

Although § 7–38–38(B), N.M.S.A.1978 refers to an "erroneous payment," the context is clear that the reference is to a refund of excess tax payments where the property is subject to taxation.

Defendants claim that §§ 7–38–39 through 7–38–41, N.M.S.A.1978 provide a statutory procedure for the refund of property taxes paid on constitutionally exempt property. They particularly rely on § 7–38–40, supra, which states time requirements for the bringing of a refund suit. Their position, with which the trial court agreed, was that plaintiff's refund claim for 1977 property taxes was timely under § 7–38–40, supra, but untimely for 1976 property taxes. We do not agree.

■ Section 7–38–39, supra, refers to a protest of "the value determined * *." Section 7–38–40, supra, refers to "a civil action in the district court for the county in which the valuation was determined * *." Both of these statutes require property that is subject to valuation; property constitutionally exempt from property taxes is not to be valued for property tax purposes. Section 7–36–7(B)(1), supra. That neither § 7–38–39 nor § 7–38–40, supra, refers to constitutionally exempt property is made clear by § 7–38–41, supra. Section 7–38–41, supra, authorizes refunds only when the "property taxes are reduced as a result of a decrease in value of the property taxed or a change in the allocation of the value of the property to a particular governmental unit * * *." This wording does not authorize a refund of property taxes paid on property that was constitutionally exempt from taxation and, under the statute, was not to be valued for property tax purposes.

Under our present statutes, there is no procedure for the refund of property taxes paid on constitutionally exempt property. *Sisters of Charity, Etc. v. County of Bernalillo*, 93 N.M. 42, 596 P.2d 255 (1979), on which defendants rely, does not support the defendants. *Sisters* involved the refund procedure of § 72–5–4, supra; that procedure is not applicable in this case because § 72–5–4, supra, has been repealed.

■ There being no statutory procedure for the refund of the property taxes involved in this case, on what basis may plaintiff's suit be maintained? A district court may order the refund of the taxes paid on erroneously assessed property if the taxes were paid involuntarily. *Jaynes v. Heron*, 46 N.M. 431, 130 P.2d 29, 142 A.L.R. 1191 (1942); *Johnson v. Greiner*, 44 N.M. 230, 101 P.2d 183 (1940); See *In re Blatt*, supra; *Lougee v. New Mexico Bureau of Revenue Commissioner*, supra.

In the trial court, plaintiff contended that taxing of the property involved came about because of a ruling of the Property Tax Department, that plaintiff attempted to obtain a change in this ruling and did not pay the taxes until its attempts were unsuc-cessful. These contentions presented an issue as to whether the property taxes were paid voluntarily. Compare *Jaynes v. Heron*, supra; *Johnson v. Greiner*, supra. The trial court made no determination of the voluntariness of the payments.

■ Defendants' position, throughout, as to the 1977 property taxes, was that the property was not exempt from taxation; defendants never challenged the propriety of a refund of the 1977 taxes on any other ground. Defendants may not change their theory on appeal. *Southwestern Public Service Co. v. Chaves County*, 85 N.M. 313, 512 P.2d 73 (1973). Inasmuch as the property was constitutionally exempt, the order that the 1977 taxes be refunded is affirmed.

The only contest of the injunction was also on the ground that the property was not exempt. Inasmuch as the property was constitutionally exempt, the injunction against defendants from assessing, collecting or attempting to collect real property tax against the property "in the absence of a substantial change in the use of the property" is affirmed.

The order denying a refund for the 1976 property taxes is vacated. As to the 1976 taxes, the cause is remanded for a determination by the trial court as to whether the 1976 property taxes were paid involuntarily. If the taxes were paid involuntarily, plaintiff is entitled to a refund; if paid voluntarily, plaintiff is not entitled to a refund.

To the extent permitted by law, plaintiff is to recover its costs on appeal. See *Addis v. Santa Fe Cty. Valuation Protests Bd.*, 91 N.M. 165, 571 P.2d 822 (Ct.App.1977).

IT IS SO ORDERED.

WALTERS, J., concurs.

SUTIN, J., concurs in part and dissents in part.

SUTIN, Judge (concurring in part and dissenting in part).

I concur and dissent.

Lovelace sued defendants in two counts under § 44–6–13, N.M.S.A.1978 of the De-

claratory Judgment Act, to obtain a refund of 1976 and 1977 property taxes paid the county treasurer.

Count I sought a refund of 1976–77 taxes paid because its property had been continuously classified as exempt from property taxation from about 1968 through 1975; that it is and always has been used by Lovelace for charitable purposes, and it is, therefore, exempt from payment of the New Mexico property tax for the tax years 1976, 1977 and thereafter under Article VIII, § 3 of the New Mexico Constitution, in the absence of a substantial change in circumstances. Lovelace also sought a judgment restraining and enjoining defendants from assessing, collecting or attempting to collect any real property tax as long as its property remained in the ownership and possession of Lovelace and continued to be used for charitable and educational purposes.

Count II sought to declare the county assessor's 1976 assessment void because the county assessor arbitrarily departed from the prior exempt treatment accorded Lovelace and placed its property on the tax rolls for the calendar year 1976; that in equity and good conscience Lovelace's payment of 1976 property tax should be refunded if the court determines that the property is exempt because a retention of monies paid for 1976 would be a deprivation of Lovelace property without due process of law.

Defendants answered in denial and set forth as an affirmative defense, that, with reference to the 1976 values assessed, the complaint was not timely filed.

In its judgment, the trial court found:

1. That Plaintiff is a non-profit New Mexico Corporation which is exempt from Federal income tax under Section 501(c)(3) of the Internal Revenue Code of 1954 as amended.

2. That Plaintiff's property, the property tax exemption of which is the subject of this action is operated as part of a hospital.

3. That the property referred to in Paragraph 2 is and has been used for charitable and educational purposes.

Therefore, said property is and should be exempt from New Mexico property tax under Article VIII, Section 3 of the Constitution of the State of New Mexico.

Based upon these findings, the court entered judgment for Lovelace in the following respects:

1. Defendants were directed to refund the 1977 property tax payment.

2. Lovelace's property is and always has been used for charitable purposes and is therefore exempt from taxation for the years 1977 and 1978 and thereafter in the absence of any substantial change in the use of the property, under Article VIII, § 3 of the New Mexico Constitution.

3. Defendants are restrained and enjoined from placing the property on tax rolls in the absence of a substantial change in use of the property and defendants are specifically ordered to remove the property from the tax rolls for Bernalillo County for the year 1978.

Judgment was entered for defendants in this respect:

4. Lovelace's claim for a refund was denied for the 1976 property tax because its filing of the refund claim was untimely.

Defendant, Bernalillo County, appealed from the judgment of the district court.

Lovelace cross-appealed from paragraph 4 of the judgment.

A. *The judgment in favor of Lovelace is affirmed.*

Defendant did not request findings of fact and conclusions of law. Neither did defendant challenge the court's findings. The Supreme Court has repeatedly held that a party who does not request findings of fact and conclusions of law cannot, on appeal, obtain a review of the evidence. *McNabb v. Warren*, 83 N.M. 247, 490 P.2d 964 (1971). The judgments in favor of Lovelace should be affirmed.

B. *The county assessor's 1976 assessment was void ab initio.*

Lovelace, in its cross-appeal, argues that the statutory refund procedure set forth in

§ 7–38–40(A)(1), N.M.S.A.1978 of the Property Tax Act does not apply to exemption questions; that its property is exempt under Article VIII, § 3 of the New Mexico Constitution, inasmuch as the Constitution does not provide that the property shall be exempt from taxation if the owner satisfies statutory and regulatory requirements of the Property Tax Act. For these reasons, Lovelace sued in declaratory judgment and sought equitable relief.

Section 7–38–40(A)(1) reads in pertinent part:

A. Claims for refund shall be filed by the property owner as a civil action in the district court for the county in which the valuation was determined * * *. Claims shall:

(1) be filed * * * against the county as party defendant if the property was valued by the assessor and *shall be filed no later than December 15 of the year in which the first installment of the property tax for which a claim for refund is made is due.* [Emphasis added.]

This limitation period is mandatory. Under this section, a refund for 1976 property taxes had to be filed by December 15, 1976. The Lovelace complaint was filed December 14, 1977, a year late. Under this section, the failure to timely file a claim for refund of ad valorem taxes is fatal. *Dale Bellamah Land Co. v. Bernalillo County,* 92 N.M. 368, 588 P.2d 1043 (Ct.App.1978).

However, the provisions of the Property Tax Code deals with protest and refund procedures with respect to valuation questions. It does not apply to property that is exempt from taxation by reason of the protection given property owners by the Constitution. Section 7–38–40(A)(1) does not say that "every claim" or "all claims" for refund, including claims for refund based upon property heretofore exempt from taxation, shall be filed no later than December 15 of the year the first installment is due. This section does not create an exclusive remedy for a property owner who seeks a refund based upon the exemption of its property from ad valorem taxes. Lovelace did have a remedy under the Declaratory Judgment Act.

Lovelace is not bound by the time period limitation set forth in § 7–38–40(A)(1). Its property was not subject to assessment for taxes in 1976 unless the assessor had prior thereto established that there was such a substantial change in the use of the property that it was removed from the charitable and educational purposes set forth in the Constitution. No such determination had been made. Property exempt from taxation in 1975 does not automatically change to non-exempt property in 1976. An arbitrary determination by the county assessor without a hearing would violate the Due Process Clause of the Constitution. Neither the assessor, the legislature nor the courts can efface the protection given property owners by the Constitution, as long as its property is held to be used for charitable and educational purposes.

The trial court concluded that Lovelace's property "is and always has been used by plaintiff for charitable purposes and is therefore exempt from New Mexico property tax * * *."

The County has misinterpreted the position taken by Lovelace. It claims that Lovelace filed this action pursuant to § 7–38–40(A)(1) and now claims it does not apply. The County is mistaken. It has failed to meet the challenge extended by Lovelace. Section 7–38–40(A)(1) was not applicable and Lovelace did not pursue that remedy. Lovelace had no plain, speedy and adequate remedy at law. It had to seek the injunctive process. The legislature may not deprive the district court of the power to issue writs of injunction unless it provides an adequate remedy at law as a substitute. *Lougee v. New Mexico Bureau of Revenue Commissioner,* 42 N.M. 115, 76 P.2d 6 (1937). Section 7–38–40(A)(1) did not provide such a substitute.

The assessment of Lovelace's property for taxation for the year 1976 was void ab initio.

The trial court should be affirmed on that portion of the judgment that relieved Lovelace's property from taxation for the years

1977 and 1978 and thereafter and should be reversed on that portion of the judgment that held untimely Lovelace's claim for refund of taxes paid for the year 1976.

The trial court should enter judgment that Lovelace's property is exempt from taxation for the years 1976, 1977, 1978 and thereafter in the absence of any substantial change in the use of the property which removes it from the protection of Article VIII, § 3 of the New Mexico Constitution.