837 P.2d 457

**Bertinus J. ZWAAGSTRA and Diane H. Zwaagstra, Plaintiffs–Appellants,**

**v.**

**George A. DelCURTO, Director, Property Tax Division, Taxation and Revenue Department of the State of New Mexico, Defendant–Appellee.**

**No. 14006.**

Court of Appeals of New Mexico.

July 28, 1992.

Garnett R. Burks, Jr., Sage and Burks, P.C., Las Cruces, for plaintiffs-appellants.

Javier Lopez, Sp. Asst. Atty. Gen., Taxation and Revenue Dept., Santa Fe, for defendant-appellee.

OPINION

ALARID, Chief Judge.

Taxpayers appeal the trial court's order dismissing their claim for property tax refund. Our calendar notice proposed summary affirmance. Taxpayers have filed a response to the calendar notice. Not persuaded by the response, we affirm.

FACTS

Taxpayers own dairy cattle in Dona Ana County. Based partly on the contention that their cattle were overvalued, taxpayers filed a claim for property tax refund in Santa Fe County. Unsure of where the cattle were deemed to have been valued for tax purposes, taxpayers filed a similar action in Dona Ana County. The trial court in Santa Fe County concluded the cattle were valued in Dona Ana County, and dis-

missed taxpayers' action. Taxpayers' Dona Ana County action is still pending.

DISCUSSION

Taxpayers argue that various sections of the Property Tax Code lead to the conclusion that their cattle were valued by the property tax division (division). This being the case, taxpayers contend their refund claim was properly filed in Santa Fe County. Specifically, they assert there is a conflict between NMSA 1978, Sections 7–36–2 and 7–36–21 (Repl.Pamp.1990).

Section 7–36–2(A) provides:

The county assessor is responsible and has the authority for the valuation of all property subject to valuation for property taxation purposes in the county except the property specified by Subsections B and C of this section.

Subsections B and C of Section 7–36–2 list eight types of property whose valuation the division is responsible for, none of which are livestock.

Section 7–36–21(D) provides:

The department [division] shall establish for each tax year the various classes of livestock and the value of each class. This determination shall be implemented by an order of the director, and the order shall be made no later than December 1 of the year prior to the tax year to which the classification and values apply.

Taxpayers argue that Section 7–36–2 allocates responsibility for valuation of livestock to the county assessor, and Section 7–36–21(D) gives that responsibility to the division. Since Section 7–36–21(D) specifically applies to valuation of livestock, they argue it should apply over the more general Section 7–36–2. If the county assessor valued taxpayers' livestock, their refund action was properly initiated in Dona Ana County. NMSA 1978, § 7–38–40(A) (Repl.Pamp.1990) (refund claims shall be filed in the district court for the county in which the valuation was determined if property locally valued). If the cattle were valued by the division, taxpayers properly brought their action in Santa Fe County. *Id.* (Refund claim shall be filed in district court of Santa Fe County if valued by the division.)

In construing the meaning of a statute, our central concern is to determine and give effect to the intention of the legislature. *Security Escrow Corp. v. State Taxation & Revenue Dep't*, 107 N.M. 540, 760 P.2d 1306 (Ct.App.1988). A statute dealing with a specific subject will be considered an exception to, and given effect over, a more general statute. *Stinbrink v. Farmers Ins. Co. of Arizona*, 111 N.M. 179, 803 P.2d 664 (1990). Where two statutes pertain to the same general subject, our duty is to construe them so that effect is given to every provision of each. *Johnson v. Francke*, 105 N.M. 564, 734 P.2d 804 (Ct.App.1987).

Section 7–36–2 allocates valuation responsibility between the division and the county assessor. The county assessor is responsible for valuing all property except the classes of property specifically excluded under Section 7–36–2(B) and (C). § 7–36–2(A). Section 7–36–2 does not allocate valuation responsibility for livestock to the division. Section 7–36–21(D) provides that the division shall establish "the various classes of livestock and the value of each class." However, NMSA 1978, Section 7–36–21(C) (Repl.Pamp.1990), requires the taxpayer to "report the livestock for valuation to the county assessor of the county" in which the livestock are located. Section 7–36–21(D) does not allocate valuation responsibility to the division. Instead, that section simply requires the division to supervise the assessor by establishing classes of livestock and values for those classes of livestock. While the division must establish general criteria for valuing livestock, the county assessor does the actual valuation. *See also* NMSA 1978, § 7–36–16(A) (Repl.Pamp.1990) (county assessor determines property values in accordance with property tax code and regulations, orders, rulings, and instructions of the division); NMSA 1978, § 7–36–20 (Repl.Pamp.1990) (division shall adopt regulations for determining values of agricultural land but assessor determines value).

Taxpayers contend that Section 7–36–21 leaves nothing for the assessor to do ex-

cept determine the number of animals in each class of livestock owned by the taxpayer, and apply to that the values established by the division. Even so, the actual valuation is still performed by the assessor, albeit under rules established by the division.

We conclude there is no conflict between Sections 7–36–2 and 7–36–21. *See Johnson v. Francke.* Accordingly, the trial court properly dismissed taxpayers' Santa Fe County action pursuant to Section 7–38–40(A).

Affirmed.

IT IS SO ORDERED.

PICKARD and FLORES, JJ., concur.