894 P.2d 1031

**Bertinus J. ZWAAGSTRA, and Diane H. Zwàagstra, Plaintiffs–Appellees,**

**v.**

**The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF DONA ANA, Defendant–Appellant.**

**No. 15766.**

Court of Appeals of New Mexico.

April 20, 1995.

Kim E. Kaufman, Albuquerque, for plaintiffs-appellees.

Regina A. Ryanczak, Asst. County Atty., Las Cruces, for defendant-appellant.

## OPINION

BLACK, Judge.

■ Appellees, Bertinus Zwaagstra and Diane Zwaagstra (Taxpayers), own and operate two dairies in Dona Ana County, New Mexico. Taxpayers reported their livestock, equipment, and other personal property to the Dona Ana County Tax Assessor (the Assessor) for property tax valuation.

The Assessor determined that Taxpayers intentionally failed to report a complete list of all taxable personal property. Relying on NMSA 1978, Section 7–38–8(I) (Repl. Pamp.1993), the Assessor imposed a non-rendition civil penalty of 25% on all of the property taxes that Taxpayers owed for 1992. Taxpayers brought a claim for refund against the Dona Ana County Commissioners (the County) in district court. The district court granted Taxpayers' claim for refund, holding that the 25% non-rendition penalty contained in Section 7–38–8(I) could only be imposed on the property Taxpayers had failed to report. The district court further held that the Assessor improperly imposed the penalty on property that Taxpayers had accurately reported, as well as property that Taxpayers had failed to report. The County appeals. We affirm.

## FACTS

Taxpayers own and operate two dairies near Mesquite, New Mexico. On December 31, 1991, the Assessor sent requests to disclose all personal property of the dairies for property tax valuation purposes. Taxpayers returned the forms to the Assessor. The Assessor determined that the forms were incomplete and that Taxpayers had failed to report all the calves they owned. The Assessor again asked Taxpayers to complete the report, but Taxpayers returned the forms to the Assessor without revision.

On April 1, 1992, three notices of valuation were sent to Taxpayers, each with a 25% non-rendition penalty imposed. The Assessor imposed the 25% non-rendition penalty against all of Taxpayers' personal property, i.e., both the property that Taxpayers had voluntarily reported and the property in dispute.

Taxpayers paid the property tax bill under protest and filed complaints for refund in both the Santa Fe and Dona Ana County district courts. The Santa Fe district court dismissed the Santa Fe claim, holding that the cattle were to be assessed only by the assessor in the county where the cattle were actually located. We affirmed that dismissal. *Zwaagstra v. DelCurto,* 114 N.M. 263, 837 P.2d 457 (Ct.App.1992). In the remaining Dona Ana action, Taxpayers filed a motion for summary judgment, arguing that the Assessor had no legal authority to assess a 25% non-rendition penalty tax against the portion of Taxpayers' personal property that was properly reported. Taxpayers argued that Section 7–38–8(I) limited the County to the imposition of a 25% penalty only on the amount of taxes ultimately determined to be due on the property in dispute.

The County filed affidavits in opposition to summary judgment, arguing that the statute was plain and permitted the imposition of the penalty against all of Taxpayers' personal property taxes for 1992, including the property taxes that were properly paid. Following a hearing, the district judge announced that he would grant Taxpayers' motion for summary judgment on the penalty issue.

On April 8, 1994, the district court entered its "Findings and Order on Plaintiffs' Motion for Summary Judgment" and certified the issue of the imposition of the 25% non-rendition penalty for interlocutory appeal. Taxpayers applied for interlocutory appeal. This Court denied those applications. On July 14, 1994, the district court entered a final judgment in favor of Taxpayers. It is that judgment which we review.

## DISCUSSION

For purposes of the personal property tax, New Mexico is a self-rendition state. A taxpayer is required to "render" or report to the proper county assessor all personal property subject to valuation under Section 7–38–8. *Lovelace Ctr. for Health Sciences v. Beach*, 93 N.M. 793, 795, 606 P.2d 203, 205 (Ct.App. 1980); *see Pratt v. Parker*, 57 N.M. 103, 105–07, 255 P.2d 311, 312–13 (1953) ("rendition" used for reporting of property for valuation purposes). Should a taxpayer fail to report property subject to valuation, the penalties set forth in Section 7–38–8 may be imposed. *See Beach*, 93 N.M. at 796, 606 P.2d at 206. This case focuses on the basis upon which the penalty for failure to report property for valuation is to be assessed. Section 7–38–8(I) provides:

I. Any person who intentionally refuses to make a report required of him under the provisions of Subsection A or B of this section with the intent to evade any tax or who fails to make a report required of him under the provisions of Subsection A or B of this section with the intent to evade any tax is liable for a civil penalty in an amount equal to twenty-five percent of the property taxes ultimately determined to be due on the property for the tax year or years for which he refused or failed to make the required report.

On its face this provision authorizes a penalty only on "taxes ultimately determined to be due on the property for the tax year or years for which [the taxpayer] refused or failed to make the required report." When a taxpayer voluntarily renders property for taxation, the taxes imposed as a result of such voluntary reporting would not generally be described as "ultimately determined to be due," and certainly would not encompass property "for which [the taxpayer] refused or failed to make the required report." That statutory language would more aptly describe property omitted by a taxpayer, ultimately discovered, and assessed. On its face, therefore, the statute would appear to authorize the penalty only on omitted property that is discovered and assessed and for which taxes are "ultimately determined to be due." Absent clear and express legislative intent to the contrary, the words of a statute should be given their ordinary meaning. *Whitely v. New Mexico State Personnel Bd.*, 115 N.M. 308, 311, 850 P.2d 1011, 1014 (1993).

To the extent that there is any ambiguity on a question of property valuation in a tax statute, the ambiguity must be construed against the county and in favor of the taxpayer. *In re Ranchers–Tufco Limestone Project Joint Venture*, 100 N.M. 632, 638, 674 P.2d 522, 528 (Ct.App.), *cert. denied*, 100 N.M. 505, 672 P.2d 1136 (1983). Moreover, even if we were to attempt to ascertain the legislative intent by interpreting this statute, we would arrive at the same result. Courts are to interpret statutes to accord with common sense and reason, *Lopez v. Employment Sec. Div.*, 111 N.M. 104, 106, 802 P.2d 9, 11 (1990), and should not construe statutes to be unreasonable or unjust in application. *Dona Ana Sav. & Loan Ass'n v. Dofflemeyer*, 115 N.M. 590, 592–93, 855 P.2d 1054, 1056–57 (1993). In other contexts, we have held it reasonable to base the penalty on the severity of the offense. *See, e.g., State v. Peppers*, 110 N.M. 393, 401, 796 P.2d 614, 622 (Ct. App.) (penalties for failure to appear), *cert. denied*, 110 N.M. 260, 794 P.2d 734 (1990). One legal scholar has noted that penalties for negligence under the federal tax system should be imposed only to the extent of noncompliance because punishment not in proportion to the extent of noncompliance may have an adverse impact on the public perception of our self-assessment tax system. Richard J. Wood, *Accuracy–Related Penalties: A Question of Values*, 76 Iowa L.Rev. 309, 319–20 (1991). If Section 7–38–8 is applied in the fashion advanced by the County, a failure to report a $100.00 item could result in a penalty higher than the actual value of

the omitted property. Such an interpretation may be considered unreasonable and unjust. We therefore doubt that the legislature intended this result.

■ The County next argues that the district court erred in not construing Section 7–38–8(I) *in pari materia* with other penalty sections of the tax code that contain language identical to Section 7–38–8(I), i.e., penalties based on "taxes ultimately determined to be due." NMSA 1978, §§ 7–36–21(H), 7–36–26(F) (Repl.Pamp.1993). The County, however, cites no legal authority interpreting these other sections which would require that the penalties be levied on anything other than the amount disputed by the taxpayer. Mere citation to those sections is therefore not persuasive.

■ The County also argues that Section 7–38–8(I) should be interpreted as *in pari materia* with NMSA 1978, Section 7–38–8(J) (Repl.Pamp.1993), which penalizes a failure to report substantial improvements to real property. Section 7–38–8(J) imposes penalties as follows:

> the greater of twenty-five dollars ($25.00) or twenty-five percent of the difference between the property taxes ultimately determined to be due and the property taxes originally paid for the tax year or years for which the person failed to make the required report.

The County argues that the clear language of Section 7–38–8(J) proves that the legislature knows how to specify when the penalty is to be imposed only on the amount in dispute. It follows, according to the County, that because Section 7–38–8(I) contains such a precise distinction, the legislature obviously did not intend to limit application of the penalty in Section 7–38–8(I) to the contested amount. We note, however, that the language currently labelled as Subsection I was part of the original statute adopted in 1973. 1973 N.M. Laws, ch. 258, § 48(H). Subsection J, on the other hand, was not adopted until 1991. 1991 N.M. Laws, ch. 213, § 1. It therefore seems just as logical to conclude that the legislature had the same intent in adopting Subsection J and merely refined the penalty language to be more explicit. *Cf.*

*State ex rel. Quintana v. Schnedar*, 115 N.M. 573, 575–76, 855 P.2d 562, 564–65 (1993) (two provisions relating to the same subject should be harmonized if possible).

*CONCLUSION*

The language of Section 7–38–8(I) is straightforward and authorizes a penalty only on "the property taxes ultimately determined to be due on the property for the tax year or years for which [the taxpayer] refused or failed to make the required report." The property that Taxpayers voluntarily reported to the County does not fall within this definition. Moreover, it seems unreasonable and unjust to read the statute as authorizing the imposition of a penalty on the entire amount reported by a taxpayer when only a minor item is in dispute.

The judgment of the district court is affirmed.

IT IS SO ORDERED.

PICKARD and WECHSLER, JJ., concur.