[No. 3235.   July 13, 1928.]

RUTHERFORD v. JAMES.

[270 Pac. 794.]

H. A. Wolford, of Hillsboro, for appellant.

Edward D. Tittmann, of El Paso, Tex., for appellee.

## OPINION OF THE COURT

BICKLEY, J. This is a suit by plaintiff (appellee) for damages in the amount of $943.50 for destruction by fire of wearing apparel and other personal belongings of hers in a room she occupied in the apartment house of defendant (appellant), known as the "James Apartments." The court tried the case without a jury, and awarded plaintiff $530.

The material facts appear in the findings of fact and conclusions of law, which are as follows:

"(1) As a finding of fact, that the defendant, a resident of Hot Springs, N. M., was there engaged in the business of conducting a place for the shelter of persons which was called the 'James Apartments,' and in connection therewith, a thermal spring bathhouse, contracted with the plaintiff; that the plaintiff should come to Hot Springs and undertake to give massage treatments

at the bathhouse, and the terms of the contract, which was a ver-bal contract, provided that the defendant would furnish the plain-tiff a room at the apartments; that plaintiff was to do the massaging; and was to give a percentage, one-third of her receipts, to the defendant. As a conclusion of law, there was no contractual relation of employment between plaintiff and defendant; the relation being in the nature of a joint venture.

"(2) As a finding of fact, there was nothing in the contract providing that the defendant should pay the plaintiff anything for services.

"(3) The agreement between plaintiff and defendant, as testified to by the defendant, was as set forth in the finding of fact No. 1.

"(4 and 5) As a finding of fact, the defendant furnished, with every room in his house, an oil stove; the oil stoves were supposed to be kept in good repair by the defendant or his servants; the stove in the room of the plaintiff was dirty, and sometimes flared up; the plaintiff informed the defendant's agents and employees of the condition of the stove, and that she considered it unsafe, but the defendant's superintendent and the defendant's wife, who had charge of the apartments in the absence of the defendant, did nothing to clean the stove or put it in better working order. As a conclusion of law, that the stove was unsafe; that the plaintiff knew it was unsafe; that plaintiff reported the condition of the stove to the defendant; that defendant knew the condition of the stove; and that defendant was negligent in failing to repair the same.

"(6) As a conclusion of law, the plaintiff assumed no risk.

"(7) As a finding of fact, that defendant was absent from Hot Springs, and had left the apartments in charge of his superintendent and of defendant's wife; that the latter cleaned a number of other oil stoves belonging to defendant and used in the apartments; that defendant's wife promised to attend to the oil stove used by plaintiff; but that no one did anything in connection with the stove. As a conclusion of law, that the plaintiff used such care as a cautious person, knowing the condition of the stove, would use, and that the plaintiff was not guilty of contributory negligence.

"(8) As a finding of fact, that the plaintiff was living in the room in question and using the stove under the contract as set forth in the first finding of fact, and, as a conclusion of law, that there was no contract of employment between the plaintiff and the defendant."

Certain of appellant's assignments of error challenged the correctness of these findings and conclusions. The defendant did not himself propose any specific findings and conclusions. He made a request that the court in its decision make findings of fact and conclusions of law, in which request he directed attention to certain points he

regarded as material. The record does not disclose any specific exceptions by the defendant to the findings and conclusions as made by the court; the general exception being, "To each and every one of the findings of fact and conclusions of law, the defendant excepts." However, we have carefully examined the record, and find no fault with the findings nor the conclusions drawn therefrom.

Assignments of error 5 and 6 present the point that the trial court did not adopt the proper rule of damages. This is based upon the fact that the court received testimony over defendant's objection as to the cost of the articles claimed to have been destroyed or damaged. It cannot ordinarily be said that articles of the character involved have a market value which is fairly indicative of their real value to their owner and of his loss by being deprived of them. So, in arriving at that value, all the circumstances and conditions are to be considered, not including, however, any sentimental or fanciful value which the owner may attach to the articles. See case note to Rogers v. O. K. Bus, etc., Co., Ann. Cas. 1917B, 581.

In Aufderheide v. Fulk, 64 Ind. 149, 112 N. E. 399, the court said:

"Articles in actual use in furnishing and equipping a home, and wearing apparel in use, even though they may have some secondhand market value, are not governed by the general rule of market value, for the law recognizes that they have a value when so used in the home that is not fairly estimated by their value as secondhand goods on the market. Where subordinate rules for the measure of damages run counter to the paramount rule of fair and just compensation, the former must yield to the principle underlying all such rules. For the loss of such property so situated and used, the measure of damages in case of conversion is the value to the owner under all the circumstances, based on actual damages sustained by being deprived of his property, not including any mere sentimental or fanciful value he may for any reason, place upon it."

In support of this declaration, the court cited text and cases, among them being Martinez v. Vigil, 19 N. M. 306, 142 P. 920, L. R. A. 1915B, 291-294, where, after stating that rules for measuring damages are not inflexible, we said: "The object of any rule is to afford just compensation for the injuries received by the plaintiff."

The Indiana case is cited in the note, supra, with many others to the same point.

That evidence of the cost price of household goods or wearing apparel is admissible in an action for their loss is the rule. Of course, other circumstances must be taken into consideration, in arriving at their actual value. See the case note cited, supra, and also the article on "Evidence," 22 C. J. pp. 182 and 183, 10 R. C. L. p. 956, and 8 R. C. L. p. 488.

The evidence is voluminous and in detail concerning the value of the various articles, and generally covered cost of the articles, the length of time they had been used, the condition they were in, and, in a few instances, the market value thereof. The defendant admits in his brief that the evidence concerning the value of the property is conflicting, and that, if plaintiff was entitled to anything at all, the judgment must stand for the amount awarded. No findings were requested by defendant regarding any particular article. Being unable to know just how the court arrived at the amount, and finding no error of law, said assignments of error Nos. 5 and 6 are unavailing.

Appellant complains that the court erred in admitting certain evidence of plaintiff as to complaints made by plaintiff to the wife of defendant and other persons apparently in authority about the apartments concerning the defective condition of the stove, on the ground that there was no evidence that knowledge of such complaints had been brought home to the defendant or his agents. The court admitted the evidence, subject to its being so connected up, and was eventually satisfied to let it stand, and we find no fault therein.

Having concluded that the findings of the trial court were justifiable under the evidence, it follows that it was not error for the court to overrule defendant's motion for judgment at the close of the plaintiff's evidence and at the close of the case. See Carpenter v. Gantzer (1925) 164 Minn. 105, 204 N. W. 550.

Nor do we find error in the court's conclusion of law that the plaintiff assumed no risk in view of the findings

as to the relations of the parties; the court having properly found that the relation was not that of master and servant.

It seems to be quite generally understood that the doctrine of assumption of risk is confined to cases arising out of the relation of master and servant. There are decisions holding that the doctrine may be extended to other relations based upon contract, but it is not shown how this case comes within any exception to the general rule. See Gover v. Central Vermont Ry. Co., 96 Vt. 208, 118 A. 874.

Having found no error, we affirm the judgment. The case will be remanded, with direction to the district court to enter judgment against appellant and the sureties on his supersedeas bond and to enforce such judgment; and it is so ordered.

PARKER, C. J., and WATSON, J., concur.