490 P.2d 964

**Bob McNABB and Frances McNabb, his wife, Plaintiffs-Appellees,**

v.

**Carmel E. WARREN and Thelma D. Warren, his wife, Defendants-Appellants.**

No. 9304.

Supreme Court of New Mexico.

Nov. 15, 1971.

Standley, Witt & Quinn, Donald W. Miller, Sante Fe, I. M. Smalley, Deming, for appellants.

John F. Schaber, Deming, for appellees.

### OPINION

MONTOYA, Justice.

Plaintiffs-appellees McNabbs brought this action in the District Court of Luna County, New Mexico, against defendants-appellants Warrens on a promissory note. Defendants answered, admitting execution and delivery of the promissory note, but denied that they were in default in the payment of said note. They also alleged that the release by the plaintiffs of the deed of trust securing the promissory note cancelled their indebtedness on the said promissory note. After a trial to the court, judgment was rendered for plaintiffs in the amount of $42,158.16, plus interest until paid. Defendants appeal from that decision.

The decision of the trial court is contained in the judgment, wherein the trial court decreed that plaintiffs recover from the defendants, jointly and severally, the sum of $42,158.16. The judgment contains no findings nor did counsel for plaintiffs or defendants submit any requested findings of fact for the trial court's consideration.

Defendants raise several contentions in seeking reversal of the trial court's decision. First, defendants argue that the decision is not supported by substantial evidence. Next, defendants argue that under §§ 50A–3–601(2) and 50A–3–605, N.M.

**248**

S.A., 1953 Comp., plaintiffs' release of the deed of trust cancelled defendants' indebtedness on the promissory note.

 Consideration of these points raised by defendants requires a review of the evidence adduced at trial. The record reveals that neither plaintiffs nor defendants submitted requested findings of fact and conclusions of law. Rule 52(B) (a) (6), Rules of Civil Procedure (§ 21–1–1 (52) (B) (a) (6), N.M.S.A., 1953 Comp.), provides that a party waives specific findings if he fails to make a request therefor in writing, or if he fails to tender specific findings. This court has repeatedly held that a party who does not request findings of fact and conclusions of law cannot on appeal obtain a review of the evidence. Owensby v. Nesbitt, 61 N.M. 3, 293 P.2d 652 (1956). See also, Speechly v. Speechly, 76 N.M. 390, 415 P.2d 360 (1966). Therefore, this court will not consider defendants' contentions.

Defendants also contend on appeal that it would be inequitable for plaintiffs to have reacquired the motel property valued between $85,000 and $100,000 for a nominal consideration of $1,000, and still hold defendants to their promissory note. The pleadings did not raise this issue.

Under § 21–2–1(20) (2), N.M.S.A., 1953 Comp. (Repl.Vol. 4, 1970), this court cannot review questions not presented to the trial court for a ruling. Nothing in the record indicates that defendants raised this equitable defense at trial. Defendants' contentions are not subject to review by this court for the first time on appeal. Section 21–2–1(20) (1), N.M.S.A., 1953 Comp. (Repl.Vol. 4, 1970). See Koran v. White, 69 N.M. 46, 363 P.2d 1038 (1961).

The decision of the trial court is affirmed.

It is so ordered.

McMANUS and STEPHENSON, JJ., concur.