172 N.J. Super. 242 (1979)
411 A.2d 736
COLONIAL PENN INSURANCE CO., A FOREIGN CORPORATION LICENSED TO DO BUSINESS IN NEW JERSEY, SUBROGEE OF ROSE DISIMONE, PLAINTIFF,
v.
ARTHUR FORD AND SOUTH JERSEY INDUSTRIES, INC., A NEW JERSEY CORPORATION, DEFENDANTS.
SUSAN MARTIN, PLAINTIFF,
v.
ARTHUR FORD AND SOUTH JERSEY INDUSTRIES, INC., A NEW JERSEY CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division  Atlantic County.
Decided December 3, 1979.
*243 William J. Vosper, Jr. for plaintiff Colonial Penn Insurance Co. (Oliver, Purcell & Vosper, attorneys).
Mr. Glenn R. Gronlund for defendant Arthur Ford (Horn, Kaplan, Goldberg & Gorny, attorneys).
John Aleli for defendant South Jersey Industries, Inc. (Lloyd, Megargee, Steedle, Youngblood & Franklin, attorneys).
Joseph Collins for plaintiff Susan Martin (Cooper, Perskie, Katzman, April, Niedelman & Wagenheim, attorneys).
GIBSON, J.S.C.
This case involves a subrogation claim arising out of a gas explosion and a resultant fire loss. Plaintiff is the insurer of the damaged property owner and is here seeking reimbursement for monies paid as a result of that loss, as well as punitive damages. Defendant South Jersey Industries, Inc. moves for summary judgment as to the punitive damage claim, asserting that such a claim may not be recovered by a subrogee. The issue appears to be unresolved by any New Jersey cases.
It has been held here that although subrogation is a favored remedy, the subrogee's rights arise no higher than those of the subrogor. Mayfair Fabrics v. Henley, 101 N.J. Super. 363, 368 (Law Div. 1968). The general rule in this country is that a subrogee is entitled to indemnity only to the extent of the money actually paid to discharge the obligation. 73 Am.Jur.2d, Subrogation, § 114 (1974); Memphis & L.R.R. Co. v. Dow, 120 U.S. 287, 7 S.Ct. 482, 30 L.Ed. 595 (1886).
Plaintiff argues, however, that since punitive damages are awarded not upon the theory of compensation to the sufferer but as punishment to the offender, Tidewater Oil Co. v. Camden Securities Co., 49 N.J. Super. 155, 164 (Ch.Div. 1958), there is no valid reason for precluding such a claim by a subrogee. This *244 same argument was presented to one of the few courts which has faced this issue and it was rejected. Maryland Cas. Co. v. Brown, 321 F. Supp. 309 (N.D.Ga. 1971). The court there relied on the general rule cited above and, in support of its position, cited the following language from 83 C.J.S. Subrogation § 52:
Subrogation is limited to indemnification or reimbursement, and a surety will be subrogated to, and can enforce, the rights of the creditor only to the extent necessary to obtain reimbursement for the amount which the surety has actually paid. [at 311] See Carolina Cas. Ins. Co. v. Local No. 612, etc., 136 F. Supp. 941 (N.D.Ala. 1956).
The court reasoned further that the only right of action assignable to a subrogee either directly or indirectly is one which involves a right of property. Since the right to punitive damages was not considered a property right under Georgia law, the claim was stricken. See, also, 25 C.J.S. Damages § 7 at 636 (1966).
Alternatively, plaintiff suggests that this court may consider the allowance of a punitive damage claim as a substitute for the award of counsel fees, thereby making it truly whole. Although this argument has some appeal, it is inconsistent with the New Jersey Court Rules controlling the award of counsel fees. R. 4:42-9. That rule recites the various actions in which such fees may be awarded and includes no reference to either subrogation claims or punitive damages. See Penwag Property Co., Inc. v. Landau, 148 N.J. Super. 493, 502 (App.Div. 1977), aff'd 76 N.J. 595 (1979).
This court therefore finds the principles outlined in Maryland Cas. Co. v. Brown, supra, to be persuasive and thus chooses to follow the general rule which would preclude a subrogee from pursuing a punitive damage claim. 73 Am.Jur.2d, Subrogation, supra. Defendant's motion for summary judgment is thereby granted.