637 P.2d 1228

**Larry MARTINEZ, Petitioner,**

v.

**William METZGAR, Respondent.**

No. 13525.

Supreme Court of New Mexico.

Nov. 30, 1981.

Farlow, Simone & Roberts, Randal W. Roberts, Albuquerque, for petitioner.

Duhigg & Cronin, David Duhigg, Albuquerque, Bruce P. Moore, Santa Fe, for respondent.

## OPINION

EASLEY, Chief Justice.

Metzgar sued Martinez for personal injuries sustained in an automobile accident. The trial court granted summary judgment in favor of Martinez. The Court of Appeals reversed the decision of the trial court. We granted certiorari, and we reverse the Court of Appeals.

We discuss whether the factually-unsupported opinion testimony of a passenger in the pickup that Martinez, the driver, "may have" or "could have" fallen asleep constitutes sufficient evidence by itself to create a genuine issue of material fact that would defeat a motion for summary judgment.

Martinez was the driver of the pickup truck in which Metzgar was riding, along with Chavez. Martinez testified that he was driving at approximately 55 miles per

hour when the pickup suddenly pulled to the left and then veered back to the right and was destroyed. Metzgar was sitting on the right side of the pickup but was asleep and knew nothing about the cause of the accident. In his affidavit, Martinez stated he was awake and alert and that the cause of the accident was probably either a blowout or a steering failure.

Chavez, the disinterested witness who was riding in the center of the seat, said in his affidavit that he thought Martinez was asleep. However, in Chavez' deposition, he testified that he did not know what happened, that he did not know what caused the accident, that he had no idea as to whether Martinez was asleep and that there was nothing which he observed which would lead him to believe that Martinez was falling asleep.

 The purpose of summary judgment "is to hasten the administration of justice and to expedite litigation by avoiding needless trials and to enable one promptly to obtain a judgment by preventing the interposition of frivolous defenses for purpose of delay." *Agnew v. Libby*, 53 N.M. 56, 58, 201 P.2d 775, 776 (1949). However, summary judgment is a harsh remedy which must be used with great care. *Pharmaseal Laboratories, Inc. v. Goffe*, 90 N.M. 753, 568 P.2d 589 (1977). The movant must show there is no reasonable doubt as to a genuine issue of material fact. *See Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). When the movant has met his burden, the burden then shifts to the non-movant to show that there is a reasonable doubt as to a genuine issue of material fact. *Id.; C & H Const. & Paving Co. v. Citizens Bank*, 93 N.M. 150, 597 P.2d 1190 (Ct.App. 1979). When reasonable minds would differ, summary judgment is inappropriate. *See Kelly v. Montoya*, 81 N.M. 591, 470 P.2d 563 (Ct.App.1970).

Martinez relied on Chavez' affidavit and deposition when moving for summary judgment. The Court of Appeals held that the affidavit was in conflict with the deposition and therefore summary judgment was incorrectly granted. Although the Court of Appeals is quite correct in saying that an inconsistent statement by a witness must be resolved by a jury and not by summary judgment, *Griego v. Grieco*, 90 N.M. 174, 561 P.2d 36 (Ct.App.), *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977), the Court of Appeals is incorrect in saying that the issue is one of inconsistent testimony. Rather, the question presented in this case is whether Chavez' statements in his affidavit and the deposition are based on personal knowledge.

N.M.R.Civ.P. 56(e), N.M.S.A.1978 (Repl. Pamp.1980), reads in pertinent part:

> Supporting and opposing affidavits shall be made on *personal knowledge*, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. [Emphasis added.]

In this case, Chavez said in his affidavit, "I do think that the reason the truck left the road was because * * * Martinez fell asleep at the wheel." His deposition read as follows:

Q Well, at the time of the accident, let me ask you this, was Mr. Metzgar asleep?

A I don't hardly know.

Q Okay. Do you know if you were asleep?

A I was probably asleep already. That's why I hardly know what happened.

When he was cross-examined to clarify his affidavit in light of what he had said in his deposition, he stated:

Q Mr. Chavez, did you tell me once before that you thought that the reason the truck went off the road was because Mr. Martinez may have fallen asleep?

(* * *)

Q Did you ever tell me before, Mr. Chavez, that you thought that the [sic] Mr.

Martinez had fallen asleep, and that's why the truck went off the road?

A *He could have. That's the reason why we got into a wreck I guess.* [Emphasis added.]

Chavez later said under re-direct:

Q You have no idea whether [Martinez] was awake or asleep?

A No.

Q You weren't looking at him?

A No. I wasn't paying any attention to him.

Chavez' testimony establishes that he did not know whether Martinez was asleep. Chavez' statements were no more than a belief or an opinion regarding the cause of the accident. Belief or opinion testimony alone, no matter how sincere it may be, is not equivalent to personal knowledge. *Feldman v. Birger*, 205 F.Supp. 87 (D.Mass.1962). A careful analysis of all of Chavez' testimony establishes that he did not know Martinez was asleep. Martinez "could have" or "may have" fallen asleep are statements of belief or opinion, not based on personal knowledge and not admissible evidence. *Id.* Therefore, these statements do not create a genuine issue of material fact which would preclude summary judgment for Martinez.

The decision of the Court of Appeals is reversed, and the trial court's decision to grant summary judgment is affirmed.

IT IS SO ORDERED.

PAYNE, FEDERICI and RIORDAN, JJ., concur.

SOSA, Senior Justice, respectfully dissents and adopts the Court of Appeals' opinion as his dissent.