643 P.2d 1247

**Kenneth Wayne PEDIGO and American Modern Home Insurance Company, Plaintiffs-Appellees,**

v.

**VALLEY MOBILE HOMES, INC., a New Mexico corporation, Defendant-Third Party Plaintiff-Appellant,**

v.

**BERKLEY HOMES, INC., Defendant-Third Party Defendant.**

No. 5327.

Court of Appeals of New Mexico.

April 6, 1982.

Joseph A. Sommer, Sommer, Lawler & Scheuer, P. A., Santa Fe, for defendant-third party plaintiff-appellant.

James E. Thomson, Santa Fe, for plaintiffs-appellees.

Leo C. Kelly, Lill, Kelly & Barr, Albuquerque, for defendant-third party defendant.

## OPINION

NEAL, Judge.

Plaintiff's mobile home, purchased from Valley Mobile Homes (Valley) and manufactured by Berkley Homes, Inc. (Berkley), was destroyed in a fire. It was undisputed that the fire was caused by a gap in the fireplace flue which allowed combustion gases to ignite structural material surrounding the fireplace. As a result of the fire, plaintiff sustained substantial property damage and incidental expenses including rental of alternative housing and lost wages and travel expenses incurred in looking for a new mobile home. American Modern Home Insurance Company, plaintiff Pedigo's insurer, and co-plaintiff in this case, compensated plaintiff under the terms of Pedigo's policy. American Modern Home purchased a new mobile home, gave plaintiff Pedigo money for personal property lost in the fire, and living expenses allowed under the policy.

The case was tried to the court. The court found for plaintiffs, awarding American Modern Home $16,724.90 and Pedigo $4,015.70. We are concerned here only with the appeal of Valley, the seller of the mobile home. Berkley, the manufacturer, has had its appeal dismissed. Valley appeals contending:

1. Summary judgment determining that Valley and Berkley were liable was improper.

2. Damages were excessive.

We affirm.

1. *Summary judgment.*

█ Plaintiffs' theory of the case included negligence and breach of warranty of fitness. Plaintiffs moved for summary judgment against Valley and Berkley on the issue of liability; this motion was granted.

The trial court based its ruling on the affidavit and report of John Wright, an engineer who determined that the fire occurred because "[t]he first section of the flue piping was incorrectly connected to the fire box. Because of this, combustion gases were able to enter the annular space between the shield piping and ignite combustable [sic] structural material." He stated that the fire seemed to begin at the four foot level (above the ground); this was consistent with Pedigo's deposition in which he stated that a fireman had told him that the fire began at the four foot level. Wright, the engineer, stated in his affidavit: "[i]t was my conclusion, and is my conclusion, that the cause of the fire was because the flue piping was incorrectly connected to the fire box by the individuals who had originally installed the fireplace." The defendant presented evidence that plaintiff Pedigo installed an eighteen inch fireplace extension. This extension was installed by removing a cap from the top of the chimney, snapping the extension into place, and replacing the cap. To counter the evidence presented by Wright, the engineer, the defendant introduced the affidavit of Richard Villard, the service manager of Valley, in which he stated that "when the fireplace extension is installed it must be done with care, or the fireplace may be damaged. The extension is merely an 18″ metal extension, which is put on top of the regular vent pipe. It is possible that if this is not put on carefully, that it could crimp the flu [sic] lining and leave a gap in the firebox." The question is whether this evidence, balanced against the evidence presented by the engineer is enough to defeat a motion for summary judgment. The trial court did not think so. We agree.

The purpose of summary judgment is to hasten the administration of justice and to expedite litigation by avoiding needless trials and to enable one promptly to obtain a

judgment by preventing the interposition of frivolous defenses for purpose of delay. *Agnew v. Libby*, 53 N.M. 56, 201 P.2d 775 (1949). The movant must show there is no reasonable doubt as to a genuine issue of material fact. *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). When reasonable minds would differ, summary judgment is inappropriate. *Kelly v. Montoya*, 81 N.M. 591, 470 P.2d 563 (Ct.App.1970).

The service manager's affidavit is no more than self-serving speculation, and did not create a genuine issue of material fact that would defeat a motion for summary judgment. It is factually unsupported opinion testimony and the affiant had no personal knowledge as required by N.M.R. Civ.P. 56(e), N.M.S.A.1978 (Repl.Pamp. 1980). *See Martinez v. Metzgar*, 97 N.M. 173, 637 P.2d 1228 (1981). In determining whether an affidavit is sufficient to preclude a summary judgment, certain factors must be considered. A satisfactory explanation of how the expert arrived at his opinion must be given, or the opinion is not competent evidence. An affidavit in a summary judgment must set forth facts admissible in evidence. *See Smith v. Klebanoff*, 84 N.M. 50, 499 P.2d 368 (Ct.App.1972). Measured by the standards set forth in *Martinez* and *Smith*, the service manager's affidavit is not sufficient to defeat a motion for summary judgment.

Although we conclude that summary judgment was proper, we remand for a modification of the judgment. Valley was given summary judgment against plaintiff on the issue of negligence on June 7, 1979. Valley obtained summary judgment of indemnity against Berkley in the amount of any judgment entered against it on January 23, 1981; Berkley was ordered to indemnify Valley, including Valley's costs, on February 9, 1981. Insofar as the decision awards judgment "against defendants jointly and severally," it is inconsistent with the prior orders. We remand for entry of a judgment against Valley, with indemnification by Berkley pursuant to the prior orders.

2. *Excessive damages.*

Defendant Valley challenges the damage award as excessive. Valley contends:

1. Regarding two Taos to Roswell trips, the trial court erred in awarding travel mileage damages based on a round trip figure of 1000 miles when the actual figure is 524 miles.

2. The trial court erred when it allowed personal property damages in excess of depreciated value.

3. The trial court erred when it allowed plaintiff American Modern Home Insurance damages for the costs incurred in hiring an independent adjuster ($500.00) and the engineer who investigated the cause of the fire ($442.56).

We find no merit in these contentions.

Plaintiff Pedigo testified that he made two round trips, Taos to Roswell, looking for a new mobile home, and that the round trip mileage was 1000 miles. Based on this, the court awarded him $0.15 per mile for 2000 miles. In fact, the round trip mileage was 524 miles. The damages, based on the correct mileage, are excessive by $142.80. Valley, however, did not contradict the incorrect mileage, nor did they ask the court to take judicial notice of the correct mileage. Valley did not request specific findings concerning this. Incidental to this is Valley's claim that plaintiff Pedigo should not have been awarded $60.00 per day for five days wages lost in looking for a new mobile home. Valley did not present evidence that he was paid for those days, nor did they request specific findings. A party waives specific findings of fact and conclusions of law if he fails to make a general request therefor in writing, or if he fails to tender specific findings and conclusions. N.M.R.Civ.P. 52(B)(1)(f), N.M. S.A.1978 (Repl.Pamp.1980). Once a party has failed to request specific findings he cannot, on appeal, obtain a review of the evidence. *McNabb v. Warren*, 83 N.M. 247, 490 P.2d 964 (1971); *Lovelace Center for Health Sciences v. Beach*, 93 N.M. 793, 606 P.2d 203 (Ct.App.1980).

■ Valley claims that damages awarded for destroyed personal property should have been limited to depreciated value or market value. American Modern Home Insurance gave Pedigo $2811.41, the depreciated value, for loss of his personal property. The insurance adjuster testified that an additional $1400.00 was necessary to make Pedigo whole. The adjuster also testified that an additional $100.00 was necessary to fully compensate Pedigo for a quilt that had been destroyed. The trial court awarded Pedigo $1500.00 as damages not covered by his insurance. Valley contests this, arguing that damages should be limited to $2811.41, the depreciated value of the personal property.

■ Excessiveness of damages is determined by whether evidence viewed in the light most favorable to the plaintiff substantially supports the award, and whether there is an indication of passion, prejudice, partiality, sympathy, undue influence or mistake. *Schrib v. Seidenberg*, 80 N.M. 573, 458 P.2d 825 (Ct.App.1969). The damages here are not excessive. The evidence indicates that the extra $1500.00 was to make Pedigo whole; this is the object of any rule for measuring damages. *Rutherford v. James*, 33 N.M. 440, 270 P. 794, *overruled on other grounds, Reed v. Styron*, 69 N.M. 262, 365 P.2d 912 (1961). Of particular relevance here, *Rutherford*, 33 N.M. at 443, 270 P. 794, recognized that personal property damages are unique, and not inflexibly measured by market value.

Articles in actual use in furnishing and equipping a home, and wearing apparel in use, even though they may have some secondhand market value, are not governed by the general rule of market value, for the law recognizes that they have a value when so used in the home that is not fairly estimated by their value as secondhand goods on the market. Where subordinate rules for the measure of damages run counter to the paramount rule of fair and just compensation, the former must yield to the principle underlying all such rules. For the loss of such property so situated and used, the measure of damages in case of conversion is the value to the owner under all the circumstances, based on actual damages sustained by being deprived of his property, not including any mere sentimental or fanciful value he may for any reason, place upon it.

There is no evidence that the extra $1500.00 included sentimental value; the record reflects that it was necessary to fully and fairly compensate Pedigo for his losses. The award was not excessive.

■ Finally, Valley contends that the costs of an independent adjuster ($500.00) and the engineer who investigated the cause of the fire ($442.56) should not have been awarded to plaintiff American Modern Home Insurance. Valley argues that under the terms of Pedigo's insurance policy Pedigo assigned all claims arising out of the loss to the mobile home and therefore, as subrogee, American Modern Home could recover only those damages that Pedigo could recover. Since Pedigo could not recover the costs of the adjuster or the investigating engineer, Valley's argument goes, neither can American Modern Home. Valley argues that Pedigo could recover only property damages caused by the fire. We are not persuaded by this argument. Pedigo is not limited to property damages, but can recover all damages flowing from the defendant's wrongful conduct. Moreover, American Modern Home, as a result of the failure of the manufacturer to properly manufacture and inspect the fireplace, and the seller to inspect the fireplace, incurred the expense of an adjuster and an engineer. But for the wrongful acts of the defendants, American Modern Home would not have incurred these expenses. Under the facts of this case, the cost of the adjuster and the engineer were properly assessed against defendants, and the fact that they were called damages instead of costs, makes no difference. Under N.M.R.Civ.P. 54(d), N.M.S.A.1978 (Repl.Pamp.1980), these costs could have been awarded to American Modern Home as the prevailing party. American Modern Home is entitled to these costs.

The trial court did not err. The judgment is affirmed.

IT IS SO ORDERED.

HENDLEY, J., concurs.

WALTERS, C. J., dissents.

WALTERS, Chief Judge (dissenting).

I respectfully dissent for the following reasons:

(1) The affidavit of defendant Valley's employee, based upon his experience, raised factual questions regarding alteration of the condition of the product between the time of sale and the fire, and whether plaintiff's own modification of the fireplace unit might have caused or contributed to the defect found. These questions of fact should have precluded summary judgment. *Peoples State Bank v. Ohio Cas. Ins. Co.*, 96 N.M. 751, 635 P.2d 306 (1981).

(2) Even if summary judgment were correct, American's damages should have been limited to the insurance proceeds it paid to its insured. As a subrogee, it stepped into Pedigo's shoes and was entitled only to recovery of those losses it paid to Pedigo under its policy. *See Fidelity & Deposit Co. of Maryland v. Atherton*, 47 N.M. 443, 144 P.2d 157 (1944); *Colonial Penn Ins. Co. v. Ford*, 172 N.J.Super. 242, 411 A.2d 736 (1979); *Annot.*, 92 A.L.R.2d at 105, § 2.

Expenses American incurred for investigation and adjustment at the time of the fire were not Pedigo's expenses. American had no separate suit in its own right against defendants under which costs *related to settling its insured's claim against it* could be assessed against defendants pursuant to N.M.R.Civ.P. 54(d), N.M.S.A.1978. 44 Am. Jur.2d 748, Insurance, § 1821. Those expenses were not "costs" of the lawsuit in which American prevailed; they were expenses voluntarily incurred by American in determining whether American would pay the loss for which it insured Pedigo and for which Pedigo made his claim against American. "Costs" is defined in *Mills v. Southwest Builders, Inc.*, 70 N.M. 407, 374 P.2d 289 (1962).