684 P.2d 1158

**Joann MARTINEZ, Petitioner-Appellee,**

v.

**Jimmie T. MARTINEZ, Respondent-Appellant.**

**No. 7372.**

Court of Appeals of New Mexico.

March 13, 1984.

Richard L. Klein, Albuquerque, for respondent-appellant.

## OPINION

BIVINS, Judge.

The father appeals from an order awarding custody of the parties' three-year-old son to the mother. She has not filed an answer brief. The sole issue is whether the trial court abused its discretion in awarding custody to the mother when, as the father claims, "The experts agree that the father * * * should have custody, and the entire record is without

evidence that the mother should have custody." [1] We affirm and hold that the father's failure to timely request findings of fact operates as a waiver of his right to question the sufficiency of the evidence and thereby precludes review; however, because of the nature of the case and the fact that the child has no legal representative, the ends of justice require that we remand to the district court to make and file proper findings of fact and conclusions of law.

Following an evidentiary hearing in July 1983, the trial court entered its order on July 19 finding both parties fit to have custody, awarding custody of the child to the mother, fixing visitation rights, and directing the parties to negotiate the issues of child support and division of their property. At the July 19 hearing to review the proposed order, which we understand father's counsel prepared, the trial court set interim child support at $150 a month, but somehow this did not find its way into the order. At that same hearing the trial court gave the parties ten days within which to file requested findings of fact in the event either party should wish to take an appeal. The father filed his requested findings of fact and conclusions of law on July 29, within the ten days allowed; on July 19, however, the same day the court entered its order, [2] the father filed his notice of appeal. Although the trial court made some findings, it never entered a decision in this case setting forth findings of fact and conclusions of law which would meet the requirements of NMSA 1978, Civ.P.R. 52 (Repl.Pamp.1980).

■ The notice of appeal did not have a copy of the judgment attached. The father, on August 17, amended the notice of appeal by attaching a copy of the judgment as required by NMSA 1978, Crim., Child. Ct., Dom.Rel. & W/C App.R. 201(c) (Repl. Pamp.1983). We hold under the circumstances of this case, where the mother clearly had notice of the judgment from which the father appealed, that the July 19 notice of appeal divested the trial court of jurisdiction and placed jurisdiction in this Court despite the technical defect. *See Baker v. Sojka*, 74 N.M. 587, 396 P.2d 195 (1964).

■ In the calendaring notice, we directed counsel to brief the question of whether the filing of the notice of appeal divested the trial court of jurisdiction, thus precluding an evidentiary review by this Court. We specifically referred counsel to *Wagner Land and Investment Co. v. Halderman*, 83 N.M. 628, 495 P.2d 1075 (1972). The father attempts to answer *Wagner* by saying he filed his requested findings and conclusions within the ten days allowed by the trial court and that notwithstanding the filing of the notice of appeal, the trial court had jurisdiction to allow the ten days for the filing of requested findings and conclusions. He implies that the trial court could accept requested findings despite the transfer of jurisdiction to this Court by exercise of its residuary jurisdiction to assist in perfecting an appeal, citing *Wagner*. This narrow power of the district court to assist in effecting a smooth transfer of jurisdiction to another court, however, does not encompass the authority to review requested findings of fact and conclusions of law for the purpose of preparing a decision.

■ In all cases tried to the bench, Rule 52 requires the district court to file a decision consisting of findings of fact and conclusions of law in a separate document prior to entry of judgment. *See generally Moore v. Sussman*, 92 N.M. 70, 582 P.2d

---

**1.** Contrary to the father's assertion, the record indicates that the experts in fact did not agree as to custody. *See* NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 205(a)(3) (Repl.Pamp. 1983).

**2.** The district court judgment, although entitled "ORDER UPON CHANGE OF CUSTODY OF MINOR CHILD; AND CHILD VISITATION", in fact provided the initial custody determination in this case, all other orders affecting only interim custody.

1283 (1978); *Kipp v. McBee,* 78 N.M. 411, 432 P.2d 255 (1967). Rule 52(B)(1)(f) provides that a party waives specific findings of fact and conclusions of law if he fails to make a request in writing, or fails to tender specific findings and conclusions. *See also McCaffery v. Steward Construction Co.,* 101 N.M. 51, 678 P.2d 226 (1984). When a party waits to request findings of fact and conclusions of law until after the court files judgment and he himself files his notice of appeal, the lack of any findings in the record precludes review of the evidence in this Court. *See Veale v. Eavenson,* 52 N.M. 102, 192 P.2d 312 (1948); *see also Pedigo v. Valley Mobile Homes, Inc.,* 97 N.M. 795, 643 P.2d 1247 (Ct.App. 1982).

Rule 52(B)(1)(h) requires the court to allow counsel a reasonable opportunity to submit requested findings and conclusions. This the trial court did when it gave the parties ten days to file their requests. Instead of availing himself of this opportunity, the father filed his notice of appeal, causing the trial court to lose jurisdiction to consider his request. Thus, the father's tender of requested findings could have no effect on the case.

As stated in *Wagner,* "[T]here can be no review of the evidence on appeal where the party seeking the review has failed to submit requested findings of fact and conclusions of law." *Id.,* 83 N.M., at 629, 495 P.2d 1075 (citations omitted). We therefore decline to review the evidence on behalf of the father to determine if the trial court abused its discretion in awarding custody of the child to the mother. Nevertheless, in view of our disposition on behalf of the child, we remand to the district court for issuance of a decision in compliance with Rule 52(B)(1)(f).

The child who is the subject of this case did not have independent representation.[3] Because matters concerning his safety and welfare have come to our attention, we proceed to review the record on behalf of the child to make certain his interests have been protected.

Although the order of July 19 does contain three findings, none specifically addresses the issue which we must view as most critical to the child: whether the mother's mental condition presented a danger to him. At the conclusion of the proof, the trial court specifically ordered the mother to obtain psychotherapy on a scheduled basis. That requirement, however, does not appear in the written order or elsewhere. The record contains sufficient evidence for the district court to make a finding as to the mental health of the mother. *See* NMSA 1978, § 40–4–9(A)(5) (Repl. Pamp.1983). Accordingly, we remand so that this can be done. *See* Rule 52(B)(1)(g); *Isaac v. Seguritan,* 66 N.M. 410, 349 P.2d 126 (1960). In doing so, we are mindful that the testimony and reports of the psychologists taken together confirm a genuine concern for the safety and welfare of the child because of the mental state of the mother. Since the trial court did not appoint a guardian ad litem to represent the child, and a finding that the mother requires therapy may be essential to his safety and welfare, the ends of justice require remand for the making of proper findings of fact and conclusions of law with regard to this issue. *Cf. In the Matter of the Adoption of John Doe,* 101 N.M. 30, 677 P.2d 643 (1984).

Our review of the record, made not for the purpose of the father's appeal

---

**3.** NMSA 1978, § 40–4–8 (Repl.Pamp.1983) allows the district court, on its own motion, to appoint a guardian ad litem to appear for and represent a minor child whenever custody of the child is contested. In cases such as this where the parties' bitterness toward one another may overshadow their concern for the interests of the child, appointment of a guardian ad litem seems most appropriate. Further, since the expenses and attorney's fees for the guardian ad litem are a community debt of both parties, appointment of this representative might have a salutary effect by promoting greater cooperation between the parents in considering the child's best interests.

but to ascertain if the child's interests were protected, reveals no basis for overruling the custody award to the mother. The award will only be overturned upon a showing of manifest abuse of discretion under the evidence. *Creusere v. Creusere,* 98 N.M. 788, 653 P.2d 164 (1982). While most of the experts may have expressed preferences, as opposed to unequivocal opinions, that the child's custody should at the time of the hearing be awarded to the father, there was evidence to support the trial court's award of custody to the mother. Dr. Rose testified that while she would not recommend full custody to the mother "at this time," she felt there was no danger to the child if the court should give custody to the mother.

Bizarre letters written to Judge Frank Allen, who previously presided over the case, and evidence of other irrational activities, as to which no finding was made and under the proof probably could not be made, no doubt influenced some of the psychologists in recommending that the father receive present custody. If the father felt, however, that the mother was responsible for the letters and other activities, he should have provided the trial court sufficient proof upon which to find the mother responsible. The trial court could have found from the evidence and reasonable inferences drawn therefrom that much of the mother's present mental and emotional state was attributable to having her child wrenched from her. The father ignores the rule that we view the evidence and inferences in the light most favorable to the trial court's determination. *See Cave v. Cave,* 81 N.M. 797, 474 P.2d 480 (1970).

■ A fact-finder is not bound to accept opinion evidence of an expert witness. NMSA 1978, UJI Civ. 2.13 (Repl.Pamp. 1980); *see also Van Orman v. Nelson,* 78 N.M. 11, 427 P.2d 896 (1967); *State v. James,* 85 N.M. 230, 511 P.2d 556 (Ct.App. 1973). The record indicates that both Dr. Christopher Merchant and Dr. J.M. Rhodes testified that the mother was an adequate parent and fit to have custody. Additionally, the mother and other lay witnesses testified that the mother was a fit parent. A fact-finder may accept non-expert testimony over that of an expert. *State v. James.* We affirm the trial court's award of custody to the mother.

■ We make one final observation concerning the posture of this case. As mentioned, no brief was filed by the mother. Unlike the Rules of Civil Appellate Procedure, the Rules of Appellate Procedure for Criminal, Children's Court, Domestic Relations Matters and Worker's Compensation cases do not make provision as to what happens if appellee fails to file an answer brief. NMSA 1978, Civ.App.R. 9(e) (Cum.Supp.1983) offers little guidance here because it provides only that the cause be submitted upon the brief of the appellant. Whether that means appellee confesses error, *see generally* 5 C.J.S. *Appeal and Error* § 1314(b) (1958), or that we accept as true the assertions made in appellant's brief, we need not decide here. Suffice it to say that where a child's welfare is at stake and that child is not individually represented, we will carefully review the record to make certain his or her interest is protected. *See Hoffman v. Hoffman,* 4 Ariz.App. 83, 417 P.2d 717 (1966). This we have done here, and in so doing conclude that the additional finding as to provision for psychotherapy should be made if that was, and still is, the trial court's determination.

In summary, the trial court shall enter its decision in compliance with the requirements of Rule 52, and include in that decision a finding as to the mother's mental health and requirements, if any, for treatment.

Accordingly, the case is remanded for further proceedings in accordance with this decision.

**IT IS SO ORDERED.**

DONNELLY, C.J., and MINZNER, J., concur.