764 P.2d 504

Phillip URIOSTE, Claimant–Appellee,

v.

Mark SIDERIS, d/b/a Buffalo Builders, and Ohio Casualty Insurance Company, Respondents–Appellants,

and

Furr's, Inc. and Texas General Indemnity, Respondents–Appellees.

No. 10403.

Court of Appeals of New Mexico.

Oct. 20, 1988.

Joe W. Wood, Hinkle, Cox, Eaton, Coffield & Hensley, Santa Fe, for claimant-appellee.

David L. Skinner, Montgomery & Andrews, P.A., Albuquerque, for respondents-appellants.

Kathleen C. Horan, Hatch, Beitler, Allen & Shepherd, P.A., Albuquerque, for respondents-appellees.

## OPINION

DONNELLY, Chief Judge.

Employer, Mark Sideris d/b/a/ Buffalo Builders, appeals from the decision of a hearing officer of the Workers' Compensation Division awarding disability benefits and finding claimant, Phillip Urioste, temporarily totally disabled as a result of two

accidents: one occurring while claimant was working for Sideris and the other occurring while claimant was working for a subsequent employer, Furr's, Inc. We answer two of employer's claims summarily and discuss (1) whether the initial accident arose out of claimant's employment; (2) whether there is substantial evidence to support the finding that claimant was disabled during his employment; (3) whether the hearing officer erred in allocating liability; and (4) whether the hearing officer erred in awarding attorney fees. We affirm.

Claimant was employed by Sideris during the summer of 1986 as a laborer. On August 18, 1986, claimant was working with another employee of Sideris installing insulation in a building being remodeled. Two plumbers, not employed by Sideris, were installing a bathtub at the same location. The plumbers requested claimant to help them lift the bathtub. While rendering this assistance, claimant injured his back. Although claimant worked the remainder of that day, the next morning he experienced severe lower back pain and went to a hospital emergency room for treatment. The doctor prescribed medication and advised claimant to rest.

Claimant testified that after seeing the doctor, he spoke to Sideris, informed him of the injury, and requested a wage advance to pay for medication prescribed by his physician. Thereafter, claimant missed three days of work. When he returned to work, claimant was told that he and the other laborers would only be needed on the project for the remainder of the week.

After claimant was laid off, he was hired by Furr's. He worked first in a delicatessen section and later was assigned to prepare signs and graphics. During his employment with Furr's, claimant complained of back pain to his supervisor. On October 4, 1986, claimant further injured his back while erecting a sign. Claimant was unable to return to work and filed a worker's compensation claim against Sideris on March 10, 1987; on April 3, 1987, he filed an amended claim joining Furr's in the same action.

## I. ISSUES ANSWERED SUMMARILY

(a) The parties do not dispute that the applicable standard of review of an appeal from the decision of a hearing officer in a worker's compensation action is governed by the whole record standard of review. Thus, we apply the whole record standard of review. *Tallman v. ABF,* N.M. (Ct.App. 1988). *See also Strickland v. Coca–Cola,* 107 N.M. 500, 760 P.2d 793 (Ct.App.1988).

■ (b) Sideris argues that the hearing officer erred in finding that he had actual knowledge of the accidental injury sustained by claimant on August 18, 1986, and that the evidence was insufficient to support the challenged finding. A claimant is not required to give written notice of an accident where the employer or any superintendent or foreman or other agent in charge of the work in connection with which the accident occurred had actual knowledge of its occurrence. NMSA 1978, § 52–1–29(B) (Repl.Pamp.1987). The determination of whether the employer had actual knowledge is made from a consideration of the totality of the facts and circumstances. *Powers v. Riccobene Masonry Constr., Inc.,* 97 N.M. 20, 636 P.2d 291 (Ct.App.1980); *Rohrer v. Eidal Int'l,* 79 N.M. 711, 449 P.2d 81 (Ct.App.1968).

■ The record indicates a conflict in the testimony concerning whether claimant orally notified Sideris that he injured his back while lifting a bathtub at the construction site. Claimant testified that he told Sideris of the circumstances of his injury. He also testified that he gave Sideris a note from his doctor requesting that he be excused from work for several days because of his back injury. This testimony was corroborated by another workman. Sideris acknowledged that he was informed that claimant had injured his back, but testified that he did not know the cause of the injury. He also testified that he did not recall discussing claimant's need for a prescription, nor did he recall seeing a note from claimant's doctor.

Where the testimony is conflicting, the issue on appeal is not whether there is evidence to support a contrary result, but rather whether the evidence supports the findings of the trier of fact. *Hernandez v. Mead Foods, Inc.*, 104 N.M. 67, 716 P.2d 645 (Ct.App.1986); *Bagwell v. Shady Grove Truck Stop*, 104 N.M. 14, 715 P.2d 462 (Ct.App.1986). The whole record supports the finding of the hearing officer as to this issue.

## II. ARISING OUT OF THE EMPLOYMENT

■ The hearing officer found that claimant's August 18, 1986 injury arose out of and in the course of his employment with Sideris. The language "in the course of employment" refers to the time, place, and circumstances under which the accident occurred. *Velkovitz v. Penasco Indep. School Dist.*, 96 N.M. 577, 633 P.2d 685 (1981). A worker's injury arises out of his employment if the injury is caused by a risk to which the worker has been subjected arising from his employment. *Barton v. Las Cositas*, 102 N.M. 312, 694 P.2d 1377 (Ct.App.1984). For an injury to arise out of the employment, it must be apparent to a rational mind, upon consideration of all the circumstances, that there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Gutierrez v. Artesia Pub. Schools*, 92 N.M. 112, 583 P.2d 476 (Ct.App.1978) (*quoting In re McNicol*, 215 Mass. 497, 102 N.E. 697 (1913)). The question of whether a worker's injury arises out of his employment is a question to be determined by the trier of fact. *See id.* Where the historical facts of the case are undisputed, however, the question of whether the accident arose out of the employment is a question of law. *Edens v. New Mexico Health & Social Servs. Dep't*, 89 N.M. 60, 547 P.2d 65 (1976).

■ Sideris argues that the dispositive facts of this case are undisputed. Our review of the record indicates that while some of the historical facts are undisputed, other key evidence is conflicting. Sideris points to evidence that indicates claimant was working for Sideris installing insulation, that the plumbers were not employed by Sideris, and that claimant's act of assisting the plumbers did not constitute a specifically assigned job duty. Other testimony, however, indicated that claimant had on other occasions been instructed to assist plumbers, that the project was a rush job, and that claimant had been instructed to do what was necessary in order to get the project done. Claimant also testified that he could not complete his work until the plumbers had completed their work.

Where the ultimate effect of claimant's act of helping others is to advance his own employer's work, by removing obstacles to the work, and where the employer has not specifically prohibited the worker from giving such assistance, the employer may be held liable under the Workmen's Compensation Act for disability resulting from an accidental injury. *Cf. Feldhut v. Latham*, 60 N.M. 87, 287 P.2d 615 (1955). *See generally* 1A A. Larson, *The Law of Workmen's Compensation* § 27.20 (1985). This is such a case.

Because the material facts were in dispute, it was the duty of the hearing officer to weigh the evidence and determine whether the injury arose out of and in the course of claimant's employment. *See Neel v. State Distributors, Inc.*, 105 N.M. 359, 732 P.2d 1382 (Ct.App.1986). The question on appeal is not whether there was evidence to support an opposite result, but instead, whether the evidence supported the trial court's findings. *Id.* Based on all the testimony, there is substantial evidence in the record as a whole to support the findings.

## III. TEMPORARY TOTAL DISABILITY

The hearing officer found that, except for a period of one and one-half weeks, claimant was temporarily totally disabled from August 18, 1986 until the date of the hearing. Because the disability in this case manifested itself after May 21, 1986, the provisions of 1986 N.M. Laws, ch. 22 (the Interim Act) apply. The Interim Act de-

fines temporary total disability as "the inability of the workman, by reason of accidental injury arising out of and in the course of his employment, to perform his duties prior to the date of his maximum medical improvement." NMSA 1978, § 52–1–26 (Cum.Supp.1986). The parties have agreed that, as of the day of the hearing, claimant had not reached maximum medical improvement. There is also agreement that claimant was temporarily totally disabled after October 4, 1986. The dispute regarding the award of temporary total disability concerns the period from August 18, 1986, until October 4, 1986.

Under the former workmen's compensation statute, the definition of total disability required proof of two factors: (1) the workman must be totally unable to perform work he was doing at the time of the injury; and (2) the worker must be wholly or partially unable to perform any work for which he is fitted by age, education, training, general physical and mental capacity and previous work experience. NMSA 1978, § 52–1–24 to –25 (Orig.Pamp.); *Salcido v. Transamerica Ins. Group,* 102 N.M. 217, 693 P.2d 583 (1985). The first prong of the former test of disability is similar to the definition of temporary total disability contained in the Interim Act. The case law applicable to the former statute states that the primary test for disability is the capacity to perform work. *See Medina v. Zia Co.,* 88 N.M. 615, 544 P.2d 1180 (Ct.App. 1975). The issue thus presented is whether, after the accidental injury, the worker is able to perform his job duties.

■ Sideris argues that because claimant was able to perform his job duties between August 18, 1986, and October 4, 1986, these facts preclude a finding of disability. Sideris contends that post-injury employment is evidence relevant to whether a claimant is able to perform the work he was doing at the time of the accident. *See Schober v. Mountain Bell Tel.,* 96 N.M. 376, 630 P.2d 1231 (Ct.App.1980). Post-injury employment, however, does not, as a matter of law, preclude a finding of total temporary disability. *See Amos v. Gilbert W. Corp.,* 103 N.M. 631, 711 P.2d

908 (Ct.App.1985). Whether the evidence of post-injury employment is indicative of a worker's ability to perform work turns upon the facts of each particular case. *Id.*

■ Here the evidence was uncontroverted that claimant returned to work for Sideris five days after injuring his back. Sideris presented evidence that claimant performed all his duties without any difficulty, that he did not request light duty, and that he did not ask for assistance from his co-workers. Claimant testified, however, that he did not perform the same duties, that he avoided any significant lifting, and that he only assisted in installing metal door frames. After he was laid off from work with Sideris, claimant obtained employment with Furr's. The record indicates that claimant performed all his job duties and did not miss any time from work while working in the delicatessen department of Furr's, but that after being assigned to prepare graphics, he complained of back pain to his supervisor and the assistant store manager. Later, while hanging a sign, he further injured his back and was unable to return to work.

Claimant was diagnosed as having a herniated disc. Sideris contends that the medical testimony is conflicting and that certain medical evidence should be disregarded. Dr. Richard Ferber, the treating physician, testified that when he examined claimant on August 19, 1986, claimant did not report any specific traumatic event. Dr. Bankat Narayan, who performed surgery to remove the herniated disc, testified that claimant's herniated disc was caused by his assisting in lifting the bathtub. Dr. Robert W. Benson, an orthopedic surgeon who performed an independent medical examination on claimant, also testified that the cause of claimant's back problem stemmed from his lifting of the bathtub.

Our concern, however, is whether there is evidence on the record as a whole to support the finding of disability. In reviewing the judgment of the hearing officer, the decision will be upheld if the administrative authority has correctly adhered to applicable law, *see Conwell v. City of Albuquerque,* 97 N.M. 136, 637

P.2d 567 (1981), and if after reviewing the record as a whole, the appellate court determines that on balance, the fact finder's decision is supported by substantial evidence. *Tallman v. ABF; Cibola Energy Corp. v. Roselli,* 105 N.M. 774, 737 P.2d 555 (Ct.App.1987); *Tapia v. City of Albuquerque,* 104 N.M. 117, 717 P.2d 93 (Ct. App.1986). In addition to the medical testimony, claimant also testified that he was unable to work following his back injury at Furr's. While medical testimony is not necessary to establish the extent of disability, it may, however, constitute valid evidence on such issue. *See Hernandez v. Mead Foods, Inc.*

Reviewing the record as a whole, we determine that there was substantial evidence supporting the hearing officer's finding of temporary total disability.

### IV. ALLOCATION OF COMPENSATION

■ After finding that claimant was temporarily totally disabled, the hearing officer apportioned liability between Sideris and Furr's. Sideris contends that liability resulting from claimant's disability arising from his second accident, regardless of any preexisting condition, is fully compensable by the employer and compensation insurer at the time of the second accident. *See Gonzales v. Stanke–Brown & Assoc., Inc.,* 98 N.M. 379, 648 P.2d 1192 (Ct.App.1982). We disagree. Under our ruling in *Gonzales,* the employer and the compensation carrier at the time of the first accidental injury remain liable to claimant for compensation benefits payable to the extent of any disability resulting from the initial injury. Although the employer and the compensation carrier at the time of the second accident are liable for compensation for the disability resulting from the second accident, that amount is subject to reduction to the extent of benefits paid or payable for disability resulting from the first accidental injury. *Id.*

### V. ATTORNEY FEES

■ The final issue raised on appeal challenges the hearing officer's award of attorney fees to claimant. The judgment awarded $8,000 in attorney fees and directed that one-half of this amount be paid by each employer. All parties agreed at the hearing that in determining any award of attorney fees, the provisions of the Interim Act applied. On appeal, however, Sideris contends the provisions of the Interim Act were not applicable. In view of the fact that the parties below stipulated to the applicability of the Interim Act, we review this issue in light of the provisions of the Interim Act and determine that under the record before us the parties are bound by their stipulation. *Cf. Alber v. Nolle,* 98 N.M. 100, 645 P.2d 456 (Ct.App.1982) (stipulation as to amount of expenses and that expenses were reasonable and necessary held sufficient evidence to support a finding as to damages).

The Interim Act, subject to specific exceptions, placed the responsibility for payment of attorney fees upon the worker. *See* NMSA 1978, § 52–1–54 (Cum.Supp. 1986). It provided that "[a] workman shall be responsible for the payment of his own attorneys' fees, except that a workman shall be entitled to recover a reasonable attorneys' fee from an employer" where the employer has refused the payment of medical benefits under certain circumstances, without a reasonable basis, where the employer without a reasonable basis denies that an injury has occurred and the workman prevails on that issue, or where the employer has "acted in bad faith" with regard to handling the workman's claim. The Interim Act, Section 52–1–54, effective until July 1, 1987, was amended by N.M. Laws 1987, Chapter 235, Section 24.

The hearing officer adopted supplemental findings of fact as to attorney fees finding, among other things, that: "14. Respondents [Sideris and his insurance carrier] acted in good faith with regards to this claim"; and "15. Respondents denied an injury in this cause without a reasonable basis." The administrative order, which is the subject of this appeal and which awarded compensation and ordered payment of attorney fees, recited that "there is no finding of bad faith by the employers or its

workmen's compensation carrier but there was a denial without a reasonable basis [.]" Sideris notes that the compensation order carried forward supplemental finding no. 15. Sideris contends that supplemental finding no. 15 is not supported by substantial evidence in the record as a whole or by the remaining findings.

Both claimant and Sideris submitted requested findings of fact and conclusions of law as to liability. At the close of the hearing on attorney fees, the hearing officer advised the parties that they might submit findings of fact and conclusions of law as to attorney fees, but should do so within a stated time. Neither claimant nor Sideris did so. The findings submitted as to liability do not specifically relate to the issue of the award of attorney fees or bear upon the issue of whether respondents denied claimant's injury without a reasonable basis.

The failure of Sideris to submit requested findings of fact and conclusions of law on the issue of the reasonableness of the award of attorney fees or as to the issue of whether it unreasonably denied claimant's injury precludes evidentiary review of the evidence on these issues. *See Pedigo v. Valley Mobile Homes, Inc.,* 97 N.M. 795, 643 P.2d 1247 (Ct.App.1982); *Martinez v. Martinez,* 101 N.M. 493, 684 P.2d 1158 (Ct.App.1984). As set forth in SCRA 1986, 1–052(B)(1)(f), "[a] party will waive specific findings of fact and conclusions of law if he fails to make a general request therefor in writing, *or if he fails to tender specific findings and conclusions.*" (Emphasis added.) Consideration of the issue on appeal requires a review of the evidence at trial. A party who does not request findings of fact and conclusions of law cannot on appeal obtain a review of the evidence. *McNabb v. Warren,* 83 N.M. 247, 490 P.2d 964 (1971). Thus, we do not review Sideris' contention. *See id.*

We affirm the order of the hearing officer on the award of attorney fees.

## VI. CONCLUSION

The order of the administrative hearing officer is affirmed. Claimant is entitled to attorney fees on appeal against Sideris in the amount of $2,000.

IT IS SO ORDERED.

MINZNER and APODACA, JJ., concur.