This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR THE PRETIUM MORTGAGE ACQUISITION TRUST,**

  Plaintiff-Appellee,

v.              **No. A-1-CA-36787**

**LEANNAH M. SAUCEDA and LORENZO J. SAUCEDA,**

  Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**James Lawrence Sanchez, District Judge**

Joshua T. Chappell
Albuquerque, NM

for Appellee

Leannah M. Sauceda
Lorenzo M. Sauceda
Belen, NM

Pro Se Appellants

## MEMORANDUM OPINION

**ZAMORA, Judge.**

**{1}** Defendants appeal from a district court order granting summary judgment in favor of Plaintiff's foreclosure complaint. We issued a calendar notice proposing to affirm. Defendants have responded with a memorandum in opposition. We affirm.

**{2}** For purposes of consistency, we will continue to address Defendants' issues in the order presented set forth in the docketing statement.

**{3}** **Issues 1-3:** Defendants continue to challenge the district court's grant of summary judgment in favor of Plaintiff on its complaint for foreclosure. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "We review these legal questions de novo." *Id.* "The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241 (citation omitted).

**{4}** Defendants challenge Plaintiff's standing to enforce the note. An entity wishing to foreclose on a mortgage must establish that, at the time the foreclosure action is filed, the entity had the right to enforce the promissory note underlying the mortgage,

as well as ownership of the mortgage lien on the property. *See Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, ¶ 23, 369 P.3d 1046. One way to show the right to enforce the promissory note is to attach a copy of the note, bearing appropriate indorsements, to the complaint. *Id.*

{5}    In this case, Plaintiff's predecessor-in-interest established that it was in possession of the original note at the time it commenced the suit and that it was entitled to enforce the note, which was indorsed in blank. [RP 6, 318] Both the referenced note and the mortgage were attached to the complaint. [RP 6, 9] As such, we conclude that Plaintiff, as the assignee and holder of the note, established that it had standing. *See Bank of New York v. Romero*, 2014-NMSC-007, ¶ 26, 320 P.3d 1 ("[The] blank indorsement . . . established the [b]ank as a holder because the [b]ank [was] in possession of bearer paper[.]"); *see also* NMSA 1978, § 55-3-104(a) (1992) (stating that a promissory note can be enforced by the holder of the instrument); NMSA 1978, § 55-1-201(b)(21)(A) (2005) (stating that the holder of the instrument is "the person in possession of a negotiable instrument that is payable either to bearer [in blank] or to an identified person that is the person in possession").

{6}    **Issue 4:** Defendants have claimed that Lucy Babik lacked personal knowledge for purposes of establishing that Plaintiff and/or its predecessor-in-interest were holders of the note during the course of these proceedings. Our review of her affidavit

[RP 180-83] indicates otherwise, and Defendants' unsupported assertion to the contrary is insufficient for purposes of defeating summary judgment. *See Pedigo v. Valley Mobile Homes, Inc.*, 1982-NMCA-066, ¶ 7, 97 N.M. 795, 643 P.2d 1247 (noting that "factually unsupported opinion testimony" is "not sufficient to defeat a motion for summary judgment").

{7}     **Issue 5:** Defendants continue to argue [MIO 3] that Mortgage Electronic Registration Systems, Inc. (MERS) lacked authority to convey title to Plaintiff because it was a mere nominal possessor of the mortgage. Both our Supreme Court and this Court have already expressly ruled that MERS, as nominee for a lender, can assign the mortgage on behalf of such lender. *See Bank of New York*, 2014-NMSC-007, ¶ 35 (stating that "[a]s a nominee for [the original lender] on the mortgage contract, MERS could assign the mortgage"); *Flagstar Bank, FSB v. Licha*, 2015-NMCA-086, ¶ 17, 356 P.3d 1102 (reiterating that "where MERS' role was that of a nominee for [the l]ender and [the l]ender's successors and assigns, MERS could assign the mortgage" (alterations, internal quotation marks, and citation omitted)), *abrogated as recognized by PNC Mortg. v. Romero*, 2016-NMCA-064, 377 P.3d 461.

{8}     For the reasons stated above, we affirm.

{9}     **IT IS SO ORDERED.**

4

M. MONICA ZAMORA, Judge

WE CONCUR:

_____
MICHAEL E. VIGIL, Judge

_____
HENRY M. BOHNHOFF, Judge