This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**TERRY HENSLEY,**

     Worker-Appellant,

**v.**                                                             **NO. 29,983**

**AMERICAN PRODUCTION SERVICES, INC., and LIBERTY MUTUAL INSURANCE,**

     Employer/Insurer-Appellees,

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Trenchard & Hoskins
Royce E. Hoskins
Roswell, NM

for Appellant

Allen, Shepherd, Lewis, Syra & Chapman, P.A.
Kimberly A. Syra
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Worker appeals an order of the worker's compensation judge (WCJ) dismissing his complaint with prejudice. We issued a calendar notice proposing to summarily

affirm the dismissal. Worker filed a timely memorandum in opposition, which we have given due consideration. Unpersuaded, we affirm.

**DISCUSSION**

"We review workers' compensation orders using the whole record standard of review." *Leonard v. Payday Prof'l*, 2007-NMCA-128, ¶ 10, 142 N.M. 605, 168 P.3d 177. "In applying whole record review, this Court reviews both favorable and unfavorable evidence to determine whether there is evidence that a reasonable mind could accept as adequate to support the conclusions reached by the fact finder." *Levario v. Ysidro Villareal Labor Agency*, 120 N.M. 734, 737, 906 P.2d 266, 269 (Ct. App. 1995). "Where the testimony is conflicting, the issue on appeal is not whether there is evidence to support a contrary result, but rather whether the evidence supports the findings of the trier of fact." *Tom Growney Equip. Co. v. Jouett*, 2005-NMSC-015, ¶ 13, 137 N.M. 497, 113 P.3d 320 (internal quotation marks omitted).

**Notice**

We first address Worker's argument that the WCJ erred in concluding that Employer did not receive adequate notice that Worker sustained a compensable injury on August 27, 2008. [DS 8-9; MIO 6-10] A worker claiming a compensable injury is required to file notice of the accident in writing within fifteen days after the worker knew or should have known about the accident's occurrence. NMSA 1978, Section 52-1-29(A) (1990). However, "[n]o written notice is required to be given where the employer or any superintendent or foreman or other agent in charge of the work in

connection with which the accident occurred had actual knowledge of its occurrence."

*Id.*

> The employer has actual notice of a job-related accident as required by the statute when he has knowledge of the injury and some knowledge of accompanying facts connecting the injury or illness with the employment, and indicating to a reasonably conscientious manager that the case might involve a potential compensation claim.

*Herman v. Miners' Hosp.*, 111 N.M. 550, 555, 807 P.2d 734, 739 (1991) (internal quotation marks and citation omitted).

Worker argues that Employer had actual notice of the accident and work-related injury within the statutorily prescribed time period such that written notice was not required. [DS 3-4; MIO 7] We are not persuaded.

As discussed in the calendar notice, [CN 5-7] it is not disputed that Employer knew about the August 27, 2008, incident in which Worker drove Employer's truck through the intersection into a field of sand. [DS 2] However, the WCJ concluded that there was insufficient evidence that Employer knew that the incident resulted in an injury. [RP 87 (fof 8), 89 (col 4)] Michael Burleson and Ronnie Mathews, Worker's supervisor, went to the scene of the incident and had a wrecker pull the truck out of the sand. [DS 2; MIO 7] The truck was not damaged and Worker drove it back to the yard. [DS 2] As Worker acknowledges, Burleson and Mathews asked Worker if he was injured from the incident and he denied it. [MIO 7; RP 73] Although Worker claims that he told Mathews a few days later that he had hurt his back during the

incident and was going to see a doctor, both Burleson and Mathews testified that they did not know Worker had been injured in the incident. [DS 3] In addition, the record indicates that Burleson testified that Worker complained of hip pain on August 23, 2008, and again complained of hip pain following the incident. [RP 73] Although Burleson acknowledged that Worker was limping on August 27, the record indicates that Burleson testified that he thought the limp was due to Worker's pre-existing hip pain. [RP 73] Thus, based on Worker's denial of an injury and testimony from Employer's agents that Worker did not tell them he was injured in the incident, we are not persuaded that the WCJ erred in determining that there was insufficient evidence that Worker gave verbal notice of an accident that resulted in an injury.

Moreover, contrary to Worker's assertion, we are not persuaded that there was sufficient evidence that Employer could be charged with actual knowledge based on Employer's awareness of the circumstances. [MIO 7-10] Worker claims that Employer should have been alerted to a potential workers' compensation claim based on Employer's knowledge of the nature of the accident, the potential for injury from the accident, and the knowledge that Worker was seeking medical treatment. [MIO 8] As we previously discussed, [CN 6] we are not persuaded that Burleson and Mathews would know from the nature of the incident that it was likely to cause the injury claimed by Worker. The truck was not damaged, Worker drove it back to the

work site, [DS 2] and Worker denied being injured in the incident. [RP 73; MIO 3] In addition, other than Worker's own testimony, which was contradicted by Employer's agents, there is no indication that Employer knew that Worker was seeking medical treatment for an injury that was caused by the incident instead of for a pre-existing condition.

Under the totality of the circumstances, we hold that there was insufficient evidence that Employer knew that Worker was seeking medical treatment because Worker had hurt his back in a work-related accident. *See Urioste v. Sideris*, 107 N.M. 733, 735, 764 P.2d 504, 506 (Ct. App. 1988) ("The determination of whether the employer had actual knowledge is made from a consideration of the totality of the facts and circumstances."). We therefore affirm the WCJ's determination that Employer did not have actual knowledge of a compensable injury.

**Compensable Injury**

Worker also argues that the WCJ erred in concluding that Worker did not sustain a compensable injury on August 27, 2008. [DS 8] Worker continues to argue that he offered uncontradicted medical evidence that his injury was caused by the work-related accident on August 27, 2008. [MIO 2-6] We continue to disagree.

As the WCJ discussed, the medical history in this case was substantially inconsistent. [RP 72] Worker had been seeing a chiropractor for hip pain prior to the

5

incident in which he drove Employer's truck into a field of sand. [DS 5] Worker denied injury immediately after the incident. [RP 88] Worker complained of hip pain before and after the incident. [RP 73] On September 5, 2008, Worker sought treatment for back pain from his chiropractor and a physician's assistant. [DS 5-6] Worker contends that the two providers testified that they remembered Worker telling them that his back pain was caused by a work-related accident. [DS 5-6] However, neither provider documented these claims in their medical records at the time of treatment. [RP 72-73] Further, the chiropractor did not remember the specific details about the claimed injury. [DS 6] Instead, the chiropractor recalled a history of a work-related accident in which Worker was pulling a hose. [RP 72] In addition, Worker went to the emergency room at Artesia General Hospital on September 16, 2008, and told the treating physician that he had suffered a back injury at home. [RP 88] The first medical record relating the back problems to the motor vehicle accident appeared in January 29, 2009, and was made by a doctor obtained upon the recommendation of Worker's attorney more than ninety days after Worker initiated litigation to recover workers' compensation benefits. [RP 73] The doctor testified that in his opinion Worker suffers from a degenerative condition of the lower back, which was aggravated as a result of a work incident. [RP 72, 89]

In concluding that there was insufficient evidence that the motor vehicle incident was the cause of Worker's back complaints, the WCJ found that Worker suffered from a pre-existing condition, that he denied he was injured at the time of the incident, and that the motor vehicle was not damaged in the incident. [RP 88] The WCJ noted that he did not find it credible that Worker's chiropractor and physician's assistant could accurately recall conversations with Worker that took place six to nine months earlier when there was nothing in the medical records about a work-related injury near the time of the incident. [RP 73] In fact, the chiropractor's recollection of a work-related accident did not concern a motor vehicle incident. [RP 72] In addition, the WCJ noted that the first mention of a work-related injury in the medical records was not made until January 29, 2009, after litigation had started. [RP 73] Given the substantial delay in recording and relating the motor vehicle incident to back and leg pain, and the alternate incident reported in the medical records at Artesia General Hospital, the WCJ concluded that there was insufficient evidence that the incident was the cause of Worker's back complaints. [RP 73] Under the circumstances, we are not persuaded that the WCJ erred. We cannot fault the WCJ for giving little weight to testimony of Worker's treatment providers in view of the lack of record documenting the incident at issue and the contradictory medical report from Artesia General Hospital. Although Worker claims that the doctor at the hospital could not testify

7

about causation, [MIO 5] the medical record from the visit documented that Worker reported an injury that occurred at home.

For these reasons, we are not persuaded that the uncontradicted medical evidence rule applies here. *See Bufalino v. Safeway Stores, Inc.*, 98 N.M. 560, 565, 650 P.2d 844, 849 (Ct. App. 1982) (stating that an appellate court will not disturb a WCJ's resolution of conflicting medical testimony regarding causation). There was evidence that Worker suffered a pre-existing condition and was receiving treatment for hip pain prior to the incident. [RP 72-73] The only documented evidence in the medical records about the cause of injury near the time of the accident indicated that Worker suffered an injury at home. [RP 73] The first medical record relating the back problems to the motor vehicle accident did not appear until January 29, 2009, several months after the litigation had started. [RP 73] Under these circumstances, we are not persuaded that the WCJ erred in concluding that the evidence about the cause of the injury was not uncontradicted or that Worker had not met his burden of demonstrating causation.

**CONCLUSION**

We affirm.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**ROBERT E. ROBLES, Judge**

_____
**TIMOTHY L. GARCIA, Judge**